Arthur Wood **CROXTON**, Appellant,

v.

**KING'S DEPARTMENT STORE OF NEWPORT NEWS, INC., and Rayson Precision Corporation, Appellees.**

No. 14064.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 5, 1971.

Decided Oct. 12, 1971.

F. Thompson Wheeler, II, Newport News, Va. (Wheeler, Michalos & Overman, Newport News, Va., on brief), for appellant.

Harold P. Juren, Norfolk, Va. (Maurice B. Shapero, Norfolk, Va., on brief), for appellee King's Dept. Store of Newport News, Inc.

Before BOREMAN, Senior Circuit Judge, RUSSELL, Circuit Judge, and DUPREE, District Judge.

PER CURIAM:

The question on appeal is whether there is diversity of citizenship to support federal jurisdiction. The appellant, Arthur Wood Croxton, plaintiff below, is a citizen of Virginia. The defendant, King's Department Store of Newport News, Inc., moved to dismiss for lack of jurisdiction alleging that, although it is a Delaware corporation, its "principal place of business" is Newport News, Virginia, and for the purposes of diversity jurisdiction it is a citizen of Virginia under and within the meaning of 28 U.S.C. § 1332(c) which reads as follows:

"For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business.*" (Emphasis added.)

Croxton contends that King's principal place of business is in another state.

The district court dismissed the action for lack of diversity jurisdiction by order entered August 29, 1967. On appeal this court vacated that order and remanded to the district court for supplemental findings of fact and conclusions of law with respect to the principal place of business of King's and the question of diversity of citizenship.

Pursuant to this court's directive the district court, on remand, "gathered" additional evidence and filed its Memorandum Opinion dated March 5, 1971, containing extensive findings of fact and conclusions of law. The court concluded that the principal place of business of the defendant, King's, is in Virginia and by order of April 7, 1971, dismissed the action for lack of diversity jurisdiction. This appeal is prosecuted from the order of April 7, 1971.

Upon review we are unable to say that the findings as to material facts are clearly erroneous. We affirm on the opinion of the district court. (E.D.Va. 1971).

Affirmed.