Gary ANTHONY, On behalf of Himself and Others Similarly Situated, Plaintiffs

v.

SMALL TUBE MANUFACTURING CORP., doing business as Small Tube Products Corp., Inc.; Admiral Metals, Inc.; Tube Methods, Inc., and Cabot Corporation, Individually and as Successor in Interest to Cabot Berylco, Inc., Kawecki Berylco Industries, Inc. and the Beryllium Corporation c/o C.T. Corporation Systems, Defendants

and

Ametek, Inc.; Brush Wellman, Inc.; and Millennium Petrochemicals, Inc., formerly known as National Distillers and Chemical Corporation, Third–Party Defendants.

Civil Action No. 06–CV–4419.

United States District Court, E.D. Pennsylvania.

Sept. 27, 2007.

Ruben Honik, Esquire and Stephan Matanovic, Esquire, Philadelphia, PA, for Plaintiff.

Joseph G. Litvin, Esquire, Dayton, OH, and Kenneth J. Warren, Esquire, Philadelphia, PA, for Defendant Small Tube Manufacturing Corporation, doing business as Small Tube Products Corp., Inc.

Rochelle M. Fedullo, Esquire, Philadelphia, PA, for Defendant Admiral Metals Inc.

David C. Onorato, Esquire, Lansdale, PA, Gregory W. Fox, Esquire, Philadelphia, PA, and Stephen M. Hladik, Esquire, Paoli, PA, for Defendant Tube Methods, Inc.

Neil S. Witkes, Esquire, Bala Cyynwyd, PA, for Defendant Cabot Corporation, Individually and as Successor in Interest to Cabot Berylco, Inc., Kawecki Berylco Industries, Inc. and the Beryllium Corporation, c/o C.T. Corporation Systems.

Kevin M. Donovan, Esquire, Philadelphia, PA, for Third–Party Defendant Ametek, Inc.

Morton F. Daller, Esquire, Fort Washington, PA, for Third–Party Defendant Brush Wellman, Inc.

Joseph M. Profy, Esquire, Philadelphia, PA, for Third–Party Defendant Millenium Petrochemicals, Inc., formerly known as National Distillers and Chemical Corporation.

## OPINION

JAMES KNOLL GARDNER, District Judge.

This matter is before the court on Plaintiff's Motion for Remand, which motion was filed on November 2, 2006.[1]  By Order

---

1. Defendants Small Tube Manufacturing Corp.; Tube Methods, Inc.; and Cabot Corporation each filed responses in opposition to Plaintiff's Motion for Remand on November 20, 2006.

dated April 17, 2007, I scheduled oral argument on plaintiff's motion. I conducted argument on plaintiff's motion on June 28, 2007.[2] For the reasons expressed below, I deny Plaintiff's Motion for Remand.

## JURISDICTION

Jurisdiction is based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A). This court has supplemental jurisdiction over the third-party state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims allegedly occurred in Sellersville, Berks County, Pennsylvania, which is located in this judicial district.

## BACKGROUND

Plaintiff commenced the within matter, *Anthony v. Small Tube Manufacturing Corporation,* civil action number 06–CV–4419, on September 7, 2006 by filing a Class Action Complaint in the Philadelphia County Court of Common Pleas.[3] The complaint alleges that defendants were negligent in the manufacturing, distribution and sale of beryllium-containing products and have exposed the members of the putative class to potentially hazardous levels of beryllium.

The complaint specifically avers that defendants provided the following amounts of beryllium-containing material to the U.S. Gauge Facility: (1) Admiral Metals, Inc. ("Admiral Metals")—at least 318 pounds; (2) Cabot Corporation ("Cabot")—many thousand pounds, over many years; (3) Small Tube Manufacturing Corp. ("Small Tube")—at least 2,929 pounds; and (4) Tube Methods, Inc. ("Tube Methods")—at least 112, 729 pounds.

The putative class is defined as "[a]ll current and former employees of the U.S. Gauge facility who have ever been exposed to one or more of the Defendants' beryllium-containing products for a period of at

2. No party requested an evidentiary hearing on Plaintiff's Motion for Remand prior to oral argument. Neither during oral argument or at any point after has any party contended that an evidentiary hearing was required in order to make findings of fact pertinent to plaintiff's motion.

3. I briefly recount the procedural history of *Anthony v. Gary Kowalski Dickinson & Associates Manufacturers' Representatives,* civil action number 05–CV–1202 (*"Anthony I"*), a case which was previously filed in this district and was assigned to me, because the parties refer to certain determinations made therein in their briefs.

*Anthony I* was a class action filed on behalf of a nearly identical putative class represented by the same class representative as the within action. It sought medical monitoring damages on behalf of a putative class for exposure to airborne beryllium as a result of defendants' negligence. The action was filed against defendants Gary Kowalski Dickinson & Associates Manufacturers' Representatives and Brush Wellman, Inc. *Anthony I* was dismissed by stipulation of the parties on August 22, 2006.

The within case, *Anthony v. Small Tube Manufacturing Corporation,* civil action number 06–CV–4419, (*"Anthony II"*), was classified as a related case to *Anthony I* pursuant to Rule 40.3 of the Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania. None of the current four named defendants was a party to the *Anthony I* litigation. However, Tube Methods, Inc. has asserted a third-party complaint against Brush Wellman, Inc. in the within matter.

Because the parties in the within action are distinct from the parties in *Anthony I* and because *Anthony I* was dismissed in its infancy before a full disposition on the merits, I do not rely on any legal determination I may have made during the course of the *Anthony I* proceedings. Accordingly, I decline to apply the principles of issue preclusion or collateral estoppel to the arguments presented here.

least one (1) month while employed at the U.S. Gauge facility." [4]

The class is alleged to consist of at least several thousand members.[5] Plaintiff avers that the U.S. Gauge facility utilized beryllium-containing products from at least 1972 to the present.[6]

Plaintiff, on behalf of the putative class, seeks the establishment of a medical monitoring program, or the costs thereof, funded by defendants under Court supervision. Plaintiff seeks lifetime testing as well as preventative and diagnostic screening. Plaintiff also seeks costs and attorney fees.

On October 4, 2006, defendant Cabot removed this action to the United States District Court for the Eastern District of Pennsylvania pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub.L.No. 109–2, 119 Stat. 4 (2005) (codified in scattered sections of Title 28 of the United States Code). In its Notice of Removal, Cabot avers that a reasonable reading of the value of the rights that plaintiff claims establishes that the aggregate amount in controversy for several thousand persons is in excess of $5,000,000.

Cabot also asserts in its removal papers that Cabot was a Delaware corporation with its principal place of business located in the Commonwealth of Massachusetts at the time the action was removed. Moreover, Cabot avers that it believed that greater than two-thirds of the putative class were citizens of the Commonwealth of Pennsylvania when the action was removed. Based on these averments, Cabot contended that there was sufficient diversity of citizenship for the purposes of CAFA at the time of removal.

## CONTENTIONS OF THE PARTIES

Plaintiff's Motion for Remand was filed on November 2, 2006. Plaintiff's motion asserts that the home-state controversy exception to the Class Action Fairness Act of 2005 applies to this action and that the court may not assert jurisdiction over this case.

According to plaintiff at least two-thirds of the putative class are Pennsylvania citizens and "the primary defendant" from whom relief is sought is a Pennsylvania citizen. Plaintiff asserts that the allegation that greater than two-thirds of the putative class are Pennsylvania citizens is undisputed and should be accepted as true for the purpose of this motion.

Plaintiff acknowledges that "primary defendant" is not defined in the statute, but contends that CAFA's legislative history provides guidance. Plaintiff argues that the legislative history suggests that the primary defendant should be the party or parties with significant exposure for the liabilities set forth in the complaint.

Following this reasoning, plaintiff asserts that as alleged in its Class Action Complaint, defendant Tube Methods sold at least 112,729 pounds of beryllium to the facility at which plaintiff and the putative class worked. Thus, plaintiff contends that Tube Methods' sales to the facility during the relevant time period exceeds those of all other defendants combined by several orders of magnitude. Plaintiff also points out that, as alleged in the complaint, Tube Methods is a citizen of Pennsylvania.

Therefore, plaintiff contends that because two-thirds or more of the putative class are Pennsylvania citizens, and Tube Methods, the primary defendant, is also a Pennsylvania citizen, this court must de-

---

4. Class Action Complaint, ¶ 24 (a).

5. Class Action Complaint, ¶ 28.

6. Class Action Complaint, ¶ 13.

cline to exercise jurisdiction under the mandatory home-state controversy CAFA exception. Finally, plaintiff asserts that all doubts as to the propriety of removal must be resolved in favor of remand.

Defendant Tube Methods strongly opposes plaintiff's assertions. Tube Methods contends that plaintiff has not challenged defendant Cabot's assertion of original CAFA subject matter jurisdiction, but has instead sought to invoke an exception to CAFA jurisdiction. Tube Methods argues that plaintiff fails to demonstrate any of the requirements of the CAFA home-state controversy exception, and the exception does not apply to this case.

Tube Methods contends that the removing defendant bears the burden of proof with respect to original subject jurisdiction pursuant to CAFA, but that plaintiff bears the burden of proving that the home-state controversy exception applies. Tube Methods argues that the proposed class contains 100 or more members, the aggregate amount in controversy exceeds $5,000,000 and at least one member of the plaintiff class is diverse from at least one defendant. Thus, Tube Methods argues, original CAFA jurisdiction is satisfied.

However, Tube Methods contends that plaintiff has failed to meet its burden to demonstrate that the home-state controversy exception applies. Tube Methods asserts that plaintiff offered no evidence beyond mere averments that two-thirds or more of the putative class are Pennsylvania citizens. Tube Methods argues that none of the paragraphs of the Class Action Complaint refer to the citizenship of the class members other than the class representative (who is a Pennsylvania citizen). Moreover, defendant argues that even if the complaint did contain such allegations, these allegations would be insufficient to satisfy plaintiff's burden without further evidence.

Tube Methods also asserts that plaintiff's reliance on defendant Cabot's averments in its Notice of Removal is insufficient. Although defendant Cabot acknowledged that more than two-thirds of the putative class are Pennsylvania citizens, Tube Methods avers that this is not the position of all named defendants. Tube Methods contends that it is without knowledge or information as to the citizenship of the class at the time the complaint was filed and does not agree that more than two-thirds of the class are Pennsylvania citizens.

Tube Methods also denies that it is the primary defendant for the purpose of establishing the home-state controversy exception. Tube Methods specifically denies that it sold at least 112,727 pounds of beryllium to the U.S. Gauge facility. Tube Methods avers that it only "worked on" 1,358.2 pounds of beryllium-containing material, and further avers that it did not sell any material to the facility.[7] Thus, based on plaintiff's own liability exposure-based analysis (to determine primary defendants), Tube Methods contends it has less exposure than other named defendants, including defendant Cabot.

---

7. Tube Methods submitted an Affidavit of Matt Mankus as Exhibit A to its opposition brief. Mr. Mankus avers that he is employed by Tube Methods and is responsible for maintaining its files with respect to purchases and sales made in the ordinary course of its business, including purchases and sales of beryllium and beryllium-containing material.

Mr. Mankus further avers that Tube Methods never provided any beryllium or beryllium-containing material to the U.S. Gauge facility. Instead, Mr. Mankus contends that Tube Methods merely "worked on" beryllium-containing materials provided to Tube Methods by U.S. Gauge without charge by reducing the material's diameter and wall thickness. Mr. Mankus alleges that the total amount of beryllium or beryllium-containing materials processed was 1,358.2 pounds.

Lastly, Tube Methods argues that even if it is considered a primary defendant, there are other primary defendants in the action who are citizens of other states. For instance, Tube Methods asserts that, as alleged in the Class Action Complaint, Cabot is alleged to have supplied many thousands of pounds of beryllium-containing material to the U.S. Gauge facility; and it is undisputed that Cabot is not a Pennsylvania citizen. Therefore, Tube Methods contends that based on the plain language of the statute, there are diverse "primary defendants" and the home-state controversy exception does not apply.

Defendant Cabot also opposes Plaintiff's Motion for Remand under the home-state controversy exception.[8] Defendant Small Tube Manufacturing Corporation has joined in Cabot's opposition.

Cabot contends that it properly removed this action to federal court pursuant to CAFA. Cabot concedes that Pennsylvania citizens compose two-thirds or greater of the putative class. Moreover, Cabot asserts that the court should credit its contention that Cabot was, and is, a corporation with its principal place of business in the Commonwealth of Massachusetts because it is undisputed. Therefore, Cabot asserts that it is not disputed that its citizenship is diverse from that of members of the putative class, and removal was thus proper.

However, Cabot asserts that plaintiff's argument for remand must ultimately fail. Cabot contends that plaintiff has the burden of proof regarding the home-state controversy exception, and plaintiff has failed to provide sufficient evidence to invoke the exception. Cabot avers that plaintiff misrepresented the home-state controversy exception by indicating the exception applies if a single primary defendant is a citizen of the state in which the action was filed because the exception was written in the plural "defendants".

Cabot contends that the home-state controversy exception does not apply if a single primary defendant is deemed diverse from the class. In other words, Cabot argues that the proper construction of the exception requires that all primary defendants be citizens of the same state as two-thirds or greater of the putative class.

---

8. In Cabot Corporation's Response to Plaintiff's Motion for Remand, defendant Cabot sought counsel fees and costs associated with opposing Plaintiff's Motion for Remand. Although Cabot gives a factual recitation of its reasons for seeking fees and costs, it fails to cite a single legal authority in support of its request.

Courts in this District have consistently held the failure to cite any applicable law is sufficient to deny a motion as without merit because "zeal and advocacy is never an appropriate substitute for case law and statutory authority in dealings with the Court." *Marcavage v. Board of Trustees of Temple University of the Commonwealth System of Higher Education*, Civ.A.No. 00–5362, 2002 U.S. Dist. LEXIS 19397, at *9 n. 8 (E.D.Pa. Sept. 30, 2002) (Tucker, J.); *see also Purcell v. Universal Bank, N.A.*, Civ.A.No. 01–2678, 2003 U.S. Dist. LEXIS 547, at *1 (E.D.Pa. Jan. 3, 2003) (Van Antwerpen, J.).

These same rationales applicable to briefs in support of motions are equally applicable to opposition briefs. As one court remarked: Fully developed legal argument, citation to legal authority, and discussion of the relevant facts aid this Court in performing its duty, and ultimately in serving the ends of justice. Any brief in opposition or other memorandum of law that is lacking even a modicum of these elements is woefully insufficient and inexcusable. *Copenhaver v. Borough of Berville*, Civ.A.No. 02–8398, 2003 U.S. Dist. LEXIS 1315, at *4 n. 1 (E.D.Pa. January 9, 2003) (Rufe, J.).

Accordingly, as expressed in the accompanying Order, defendant Cabot's request for counsel fees and costs is denied without prejudice for Cabot to file a separate motion for counsel fees and costs.

Cabot asserts that it is a primary defendant under CAFA because it faces direct liability and is potentially liable for principal portion of the relief. In support of this contention, Cabot points to the assertions in the Class Action Complaint that Cabot sold "many thousands of pounds, over many years". Thus, Cabot contends that it is a primary defendant. Because Cabot is diverse as to the members of the putative class, Cabot argues the home-state controversy exception does not apply.

Moreover, Cabot asserts that Tube Methods is not a primary defendant. Cabot avers that Tube Methods has specifically denied that it provided 112,729 pounds of beryllium-containing materials to the U.S. Gauge facility, and has provided an affidavit in support of this contention. Cabot contends that because plaintiff's allegations concerning the amount of beryllium-containing material supplied by Tube Methods is disputed, the evidence provided by plaintiff is insufficient to establish that Tube Methods is a primary defendant.

## DISCUSSION

### Legal Framework

The Class Action Fairness Act of 2005 ("CAFA"), Pub.L.No. 109–2, 119 Stat. 4 (2005) (codified in scattered sections of Title 28 of the United States Code), dramatically expanded the role of the federal judiciary in class action litigation. As a general matter, CAFA vests federal courts with diversity jurisdiction in class actions where (1) the aggregate amount in controversy exceeds $5,000,000, (2) any class member is a citizen of a different state from any defendant and (3) the aggregate number of the members of all proposed plaintiff classes is one hundred or more persons. 28 U.S.C. §§ 1332(d)(1)(B) and 1332(d)(5). The language of CAFA favors federal jurisdiction over class actions. *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1163 (11th Cir.2006).

■ "Generally speaking, the nature of plaintiff's claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed." *Westmoreland Hospital Association v. Blue Cross of Western Pennsylvania,* 605 F.2d 119, 123 (3d Cir.1979). Case developments subsequent to removal do not generally alter jurisdiction under CAFA. *Robinson v. Holiday Universal, Inc.,* Civ.A.No. 05–5726, 2006 WL 470592, at *3–4 (E.D.Pa. Feb. 23, 2006) (Pratter, J.); *Colomar v. Mercy Hospital, Inc.,* Civ.A.No. 05–22409, 2007 WL 2083562, at *3 (S.D.Fla. July 20, 2007) (citing numerous district court cases).

■ However, the court may engage in factual analysis beyond the pleadings in order to determine subject matter jurisdiction. See *Schwartz v. Comcast Corporation,* Civ.A.No. 05–2340, 2006 WL 487915, at *5–7 (E.D.Pa. Feb. 28, 2006) (O'Neil, J.). Moreover, when subject matter jurisdiction is called into doubt, "jurisdictional discovery should be allowed unless the plaintiff's claim is clearly frivolous." *Massachusetts School of Law at Andover, Inc. v. American Bar Association,* 107 F.3d 1026, 1042 (3d Cir.1997) (internal quotations omitted).

CAFA contains several exceptions to the exercise of jurisdiction, including the so-called "home-state controversy" exception. Under the home-state controversy exception, "a district court shall decline to exercise jurisdiction [over a class action in which] ... (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4).

CAFA itself is silent regarding which party should bear the burden of proof with respect to the establishment of federal ju-

risdiction. In the face of this silence, the United States Court of Appeals for the Third Circuit held that the burden of establishing CAFA jurisdiction is on the party asserting jurisdiction. *Morgan v. Gay,* 471 F.3d 469, 473 (3d Cir.2006) (recognizing agreement with the Seventh, Ninth and Eleventh Circuits). However, the Third Circuit has not yet decided which party bears the burden of proof with respect to CAFA exceptions, including the home-state controversy exception. *Hirschbach v. NVE Bank,* 496 F.Supp.2d 451, 460 (D.N.J.2007).

One court in this District has held that the burden of establishing the exception is on the removing defendant. See *Schwartz v. Comcast Corporation,* 2006 WL 487915, at *1 (E.D.Pa. Feb. 28, 2006) (O'Neil, J.). Basing his decision on the Seventh Circuit's decision in *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 448 (7th Cir.2005), Judge O'Neil held that CAFA did not change the long-standing jurisdictional precept that the "party asserting jurisdiction bears the burden of showing the action is properly before the federal court". *Schwartz v. Comcast,* 2006 WL 487915, at *1, quoting *Sikirica v. Nationwide Insurance Company,* 416 F.3d 214, 219 (3d Cir.2005).

In contrast to the decision of Judge O'Neil, the United States Courts of Appeals for the Fifth, Seventh, Ninth and Eleventh Circuits have considered this issue and uniformly concluded that the party seeking to invoke the CAFA jurisdiction exception bears the burden of proof. See *Frazier v. Pioneer Americas LLC,* 455 F.3d 542, (5th Cir.2006); *Hart v. FedEx Ground Package System, Inc.,* 457 F.3d 675 (7th Cir.2006); *Serrano v. 180 Connect Inc.,* 478 F.3d 1018 (9th Cir.2007); *Evans v. Walter Industries, Inc.,* 449 F.3d 1159, 1164 (11th Cir.2006).

Significantly, the Seventh Circuit's Hart decision interpreted its own Brill decision as allocating the burden of proof of original jurisdiction to the party asserting CAFA jurisdiction, but also held that the burden of proving a CAFA exception was on the party seeking to invoke the exception. Thus, the Seventh Circuit construed Brill more narrowly than Judge O'Neil in Schwartz (which was decided prior to Hart).

█ I find the reasoning of the decisions by the four Circuit Courts persuasive. Accordingly, I hold that the burden of proof to establish the home state controversy CAFA exception is on the party seeking to invoke the exception. My decision relies on the plain text of the statute and a construction consistent with United States Supreme Court precedent concerning removal. See *Brill,* 427 F.3d at 447–449 (declining to utilize CAFA's legislative history to construe its plain text).

Although I agree with the outcome of the four Circuit Court decisions, I note my departure from certain reasoning contained in two of the four decisions. The decision of the Eleventh Circuit, and adopted by the Fifth Circuit, reasoned that allocating the burden to the party seeking remand under a CAFA exception is not only consistent with the statutory language, but also places the burden on the party most capable of bearing it. *Evans,* 449 F.3d at 1164 n. 3; *Frazier,* 455 F.3d at 546.

The Eleventh Circuit explained that plaintiffs define the class and will generally have superior information about the scope and composition of that class. It further explained that although defendants have better access to the information concerning the alleged offending conduct as a general matter, plaintiffs have better access to information about the particular plaintiffs who are injured and the specific conduct which caused the various injuries. *Evans,* 449 F.3d at 1164 n. 3.

I share the concerns of the Seventh and Ninth Circuit regarding the efficient burden-shifting rationale as support for the decision. See *Hart*, 457 F.3d at 680; *Serrano*, 478 F.3d at 1024 n. 8. As the Ninth Circuit observed, "although the plaintiff controls the framing of the complaint, the plaintiff may not always have access to a complete data set as to the citizenship of the class members or information about the defendants." *Serrano*, 478 F.3d at 1024 n. 8.

The mandatory language of section 1332(d)(4), which includes both the home-state controversy and local controversy[9] exceptions, states that the court shall "decline to exercise jurisdiction." Implicit in the text is a presumption that, absent the exception, the court's jurisdiction is otherwise properly established.

■ Stated alternatively, implicit in the declination to exercise jurisdiction is that the court is otherwise competent to hear the dispute. See *Serrano*, 478 F.3d at 1022. Thus, the CAFA exceptions are essentially mandatory abstention provisions.

This construction reinforces that (1) the party asserting jurisdiction must independently satisfy its burden to establish jurisdiction, and (2) the party seeking to invoke the exception must demonstrate independently that the exception applies in order to effect a divestiture of jurisdiction. Ad-

ditionally, allocating the burden of proving an exception to CAFA to the party seeking to invoke it mirrors the Supreme Court's construction of the removal statute, 28 U.S.C. § 1441(a), in *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697–698, 123 S.Ct. 1882, 1886, 155 L.Ed.2d 923, 931 (2003).

Moreover, consistent with Third Circuit remand jurisprudence, plaintiff's factual proffer must be reviewed under the preponderance-of-the-evidence standard. *Samuel–Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir.2004). In many cases that involve subject matter jurisdiction challenges disputes over factual matters may be involved. In resolving those issues, the preponderance of the evidence standard would be appropriate. *Id.*

■ To satisfy its burden of proof and succeed in its motion for remand pursuant to the home-state controversy exception, a party seeking to remand must prove the following by a preponderance of the evidence: (1) the party must establish that the citizenship of the members of two-thirds or more of the plaintiff class is the State from which the action was removed; (2) the party must identify the primary defendants; (3) the party must establish the citizenship of those primary defendants; and (4) the party must demonstrate that two-thirds or more of the members of

---

**9.** The local controversy exception states the following:

(4) A district court shall decline to exercise jurisdiction under paragraph (2)—

(A) (i) over a class action in which—

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. . . .

28 U.S.C. § 1332(d)(4).

the plaintiff class are citizens of the same state as the primary defendants. 28 U.S.C. § 1332(d)(4)(B).

■ Therefore, I now consider the law governing citizenship. A person is considered a citizen of a state if that person is domiciled within that state and is a citizen of the United States. *Schwartz*, 2006 WL 487915, at *5 (internal citation omitted); see also *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 797 (5th Cir.2007). Domicile is established by residence and intent to make the place of residence one's home. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir.1972).

The concept of domicile is not synonymous with residence. A person is generally a resident of any state with which he has a well-settled connection. *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 207 n. 24 (3d Cir. 2007). Although evidence of residence is insufficient to prove domicile, the place where an individual lives creates a rebuttable presumption of domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455, 62 S.Ct. 303, 309–310, 86 L.Ed. 329, 337 (1941).

■ For purposes of determining diversity, state citizenship of a natural person is treated as synonymous with domicile. *Krasnov v. Dinan*, 465 F.2d at 1300 (3d Cir.1972). A corporation, however, is deemed the citizen the state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c).

The Third Circuit has long held that bare "allegations of residence are not sufficient for purposes of establishing citizenship." *Schwartz*, 2006 WL 487915, at *3 (citing *Krasnov v. Dinan*, 465 F.2d at 1300). District Courts throughout the country have held that a mere assertion that the putative class is composed of citizens of a particular state is insufficient to satisfy the burden of proof required to invoke a CAFA exception. See *McMorris*

*v. TJX Companies, Inc.*, 493 F.Supp.2d 158, 165–166 (D.Mass.2007).

I next consider the law governing the identification of "primary defendants" under the home-state controversy exception. Despite burgeoning CAFA jurisprudence, few courts have opined on the home-state controversy requirement with respect to the definition of "primary defendants". 28 U.S.C. § 1332(d)(4)(B).

However, as "evident from the statute's use of the phrase '*the* primary defendants' rather than '*a* primary defendant', 'the plain language of the statute requires remand only when *all* of the primary defendants are residents of the same state in which the action was originally filed' ". *Robinson v. Cheetah Transportation*, Civ. A.No. 06–0005, 2006 WL 3322580, at *3 (W.D.La. Nov. 14, 2006) (emphasis in original).

Most courts have construed "primary defendants" by relying on a construction of an analogous provision of the Multiparty, Multiforum, Trial Jurisdiction Act of 2002, 28 U.S.C. § 1369, offered in *Passa v. Derderian*, 308 F.Supp.2d 43, 61–64 (D.R.I.2004). The Passa court indicated that there is a settled judicial understanding of the term "primary defendants" borrowed from tort law. *Kitson v. Bank of Edwardsville*, Civ.A.No. 06–528, 2006 WL 3392752, at *13–17 (S.D.Ill. Nov. 22, 2006) (holding, inter alia, that settled legal definitions are properly considered as part of congressional understanding).

■ I follow the decisions of those courts which have adopted the definition of "the primary defendants" expressed in Passa as it is used in 28 U.S.C. § 1332(d)(4). As expressed by the Kitson court, the definition of primary defendants is as follows:

Ultimately the [Passa] court concluded that "primary defendants" . . . are "those

parties that are allegedly directly liable to the plaintiffs, while 'secondary' defendants are ... those parties sued under theories of vicarious liability or joined for purposes of contribution or indemnification." ... Thus, the court held, "the most appropriate definition of 'primary defendants'... must include those parties facing direct liability in the instant litigation." ... The court explained that "all defendants sued directly in a cause of action maintain a dominant relationship to the subject matter of the controversy, while those parties sued under theories of vicarious liability, or joined for purposes of indemnification or contribution, maintain an indirect or 'secondary' relationship to the litigation." ... The court noted that its interpretation of the term "primary defendants" for purposes of the statute was the definition most consistent not only with traditional legal concepts but also judicial economy and fairness to parties, because "it does not require the Court to make a pre-trial determination of liability or culpability, but rather requires only a review of the complaint to determine which defendants are sued directly."

*Kitson v. Bank of Edwardsville,* 2006 WL 3392752, at *17; see also *Adams v. Federal Materials Company, Inc.,* Civ.A.No. 5:05CV-90-R, 2005 WL 1862378, at *5 (W.D.Ky. July 28, 2005) which distinguishes between directly liable parties and those joined for purposes of contribution and indemnification.

Notably, the Pasa court rejected a definition of primary defendants as those with the deepest pockets or the greatest culpability. These definitions were determined to be unworkable because they would require a degree of fact-finding beyond which could be performed at the procedural juncture. *Kearns v. Ford Motor Company,* Civ.A.No. 05-5644, 2005 WL 3967998, at *8 (C.D.Cal. Nov. 21, 2005) (internal citations omitted).[10]

Analysis

■ Because plaintiff's argument raises issues which call into question the subject matter jurisdiction of this court, I must review whether original CAFA jurisdiction is proper. However, this matter is quickly resolved. Given the nature of the within action, and recognizing the limitations inherent in making subject matter jurisdiction findings at the early stages of proceedings, I agree with the parties that it appears on the face of the Class Action Complaint, as well as from the relevant evidence contained in the record, that CAFA jurisdiction is appropriate.

The reasonable value of the rights being litigated, if proven, would likely meet or exceed $5,000,000, exclusive of interests or costs. This is a toxic tort action for medical monitoring which includes the claims of potentially thousands of employees. Thus, the putative class, including any subclasses that may be designated, are likely to include greater than one hundred persons.

There is diversity between the putative class representative (and likely the entire class) and two of the four named defendants. As averred in plaintiff's Class Action Complaint and the Notice of Removal, the class representative is a Pennsylvania citizen; defendant Admiral Metals, Inc. is a Massachusetts citizen; and defendant Cabot Corporation is a citizen of both Delaware and Massachusetts. See 28 U.S.C. § 1332.

---

**10.** A recent Ninth Circuit decision appears to overrule *Kearns v. Ford Motor Company,* 2005 WL 3967998, at *4–5. *See Serrano v. 180 Connect Inc.,* Civ.A.No. 06–1063, 2006 WL 2348888, at *1 (N.D.Cal. Aug. 11, 2006), *vacated,* 478 F.3d 1018 (9th Cir.2007), which vacated the district court's Order for improperly placing the burden of proving a CAFA exception upon the removing party.

Turning to the home-state controversy exception and applying the foregoing legal framework to this case, I conclude that plaintiff has failed to demonstrate that this exception to CAFA jurisdiction applies. Plaintiff has failed to establish that two-thirds or greater of the members of the class are citizens of the Commonwealth of Pennsylvania or that the "primary defendants" are Pennsylvania residents.

Plaintiff relied entirely on the averments in the pleadings to support its motion. These averments do not address the citizenship of the entire putative class. They only aver that the class representative is a Pennsylvania citizen. Plaintiff submitted no other factual evidence. Thus, plaintiff has offered nothing more than bare assertions in its motion as to the citizenship of the putative class. As Judge O'Neil noted in his Schwartz decision, these bare assertions are wholly inadequate for the court to evaluate the citizenship of the class.

Plaintiff's reliance on defendant Cabot's concession that greater than two-third of the putative class are Pennsylvania citizens is also misplaced. Defendant Tube Methods has specifically contested this fact. Plaintiff has offered no evidence to rebut this denial.

A review of the class which plaintiff defined reveals that the citizenship of the entire class was never defined. Stating that the class representative is a Pennsylvania citizen is not sufficient to demonstrate that the other individual class members are Pennsylvania citizens.

The class is composed of all employees of the U.S. Gauge facility over an approximately thirty-five year period. Plaintiffs provided no evidence that these individuals were ever, or have remained, domiciled in Pennsylvania. Though this may be a reasonable inference, it does not satisfy the plaintiff's burden of proof. Individual employees may retire and move away. Employees may change jobs and move to an-other State or country. Employees may also commute from an out-of-state location. None of these facts are accounted for in plaintiff's motion.

Thus, plaintiff has failed to demonstrate the citizenship of the class. This alone is sufficient to deny plaintiff's motion to remand. However, assuming, arguendo, that plaintiff has shown that two-thirds or more of the putative class are Pennsylvania citizens, I considered whether plaintiff has demonstrated that all primary defendants are citizens of Pennsylvania.

Plaintiff's assertion must be rejected that defendant Tube Methods, a Pennsylvania corporate citizen, is the only primary defendant. According to the allegations of the Class Action Complaint, plaintiff seeks to recover against defendants directly. If the allegations are proven, Tube Methods would be liable for its role in supplying beryllium-containing products.

Although defendant Tube Methods has disclaimed liability and argues it was not involved in the vertical chain-of-distribution, it nevertheless faces direct liability. Plaintiff's claim against Tube Methods is not premised on a theory of vicarious liability, nor does plaintiff seek indemnity or contribution. Thus, Tube Methods is a primary defendant.

However, the other three named defendants are also primary defendants for the purpose of the home-state controversy exception. Small Tube, Admiral Metals and Cabot face direct liability for allegedly supplying beryllium or beryllium-containing material to the U.S. Gauge facility. Their liability is analogous to the liability faced by Tube Methods and is, therefore, direct. Similarly, their liability is not vicarious, nor is it based on a theory of indemnification or contribution.

The home-state controversy exception refers to multiple "primary defendants".

Plaintiff's complaint alleges direct liability against all four named defendants. Based on the pleadings and the unrebutted evidence submitted by the parties, I find that there are four "primary defendants" in this action because all four named defendants face direct liability. The unrebutted evidence also establishes that two of the four primary defendants in this action are not citizens of Pennsylvania. Therefore, there is diversity between the putative class and the primary defendants.

Thus, I conclude that plaintiff has failed to satisfy its burden under the home-state controversy exception to CAFA. Plaintiff has not demonstrated that two-thirds or more of the putative class are Pennsylvania citizens. Plaintiff has also not demonstrated that the four primary defendants are citizens of the same state as the putative class. Accordingly, Plaintiff's Motion for Remand is denied.

### CONCLUSION

For all the foregoing reasons I deny Plaintiff's Motion for Remand and retain jurisdiction over plaintiff's Class Action Complaint.

### ORDER

NOW, this 27th day of September, 2007, upon consideration of the following documents:

Plaintiff's Motion for Remand filed November 2, 2006, together with:

(a) Response of Small Tube Manufacturing, LLC's Motion Joining Cabot Corporation's Motion in Opposition to Plaintiff's Motion for Remand and Memorandum of Law in Opposition to Plaintiff's Motion for Remand, which response was filed November 20, 2006;

(b) Response of Defendant, Tube Methods, Inc. to Plaintiff's Motion for Remand, which response was filed November 20, 2006; and

(c) Cabot Corporation's Response to Plaintiff's Motion for Remand, which response was filed November 20, 2006;

after oral argument held June 28, 2007; and for the reasons expressed in the accompanying Opinion,

IT IS ORDERED that Plaintiff's Motion for Remand is denied.

IT IS FURTHER ORDERED that the request of defendant Cabot Corporation for its counsel fees and expenses in opposing plaintiff's motion is denied without prejudice for defendant Cabot Corporation to file a formal motion for counsel fees and expenses.