**Lisa A. JOHNSON and Gilbert A. Herbert, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**ADVANCE AMERICA, Cash Advance Centers of South Carolina, Inc., d/b/a Advance America, d/b/a Cash Advance Centers, Defendant.**

C.A. No. 2:07–cv–3447.

United States District Court,
D. South Carolina,
Charleston Division.

April 25, 2008.

Joseph Preston Strom, Jr., Mario A. Pacella, Strom Law Firm, Columbia, SC, for Plaintiffs.

Barry Goheen Jonathan R. Chally, Michael C. Russ, King and Spalding, Atlanta, GA, Thomas C. Brittain, Hearn Brittain and Martin, Myrtle Beach, SC, William

Douglas Smith, Johnson Smith Hibbard and Wildman, Spartanburg, SC, for Defendant.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court on Plaintiffs' Motion to Remand this action back to Georgetown County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c) for lack of jurisdiction. Defendant Advance America ("Advance") has filed a Response in Opposition to Plaintiffs' Motion. Plaintiffs have also moved the court for an award of attorneys' fees and costs associated with the removal. For the reasons set forth herein, Plaintiff's Motion to Remand is granted, and Plaintiffs' Motion for Attorneys' Fees and Costs is denied.

## BACKGROUND

On October 2, 2007, Plaintiffs Lisa A. Johnson ("Johnson") and Gilbert A. Herbert ("Herbert") filed a class action Complaint against Defendant in the Georgetown County Court of Common Pleas.

Johnson entered into several transactions with Defendant. Defendant would loan Johnson a sum of money, and Johnson agreed to repay the principal amount of the loan plus fifteen percent of the loan two weeks after receiving the loan.[1] If she was unable to pay off the entire amount of the loan, she could pay off the "interest" on the loan on the due date, and the total amount (the principal of the original loan plus another fifteen percent of that amount) would again come due in two more weeks. However, Johnson alleges that she was quite clearly unable to make such a payment, as her fixed financial obli-

---

1. For example, Johnson alleges that on September 7, 2007, she borrowed $200.00 from Defendant, and was required to repay Defendant in the amount of $230.00 on September 21. (Complaint ¶ 18.)

gations were very nearly equal to her net income, leaving her very little disposable income. Herbert makes substantially similar factual allegations.

When making these agreements with customers, Defendant requires all applicants to fill out a form regarding their current financial obligations, and also requires applicants to write a postdated check to the company that may be cashed when the loan comes due. However, Defendant does not conduct any sort of credit check, which would give Defendant a more thorough understanding of their customers' finances and ability to repay any loans. Every loan agreement signed by Defendant's customers contains an arbitration clause which requires aggrieved customers to take their claims to arbitration instead of filing complaints in court.

Plaintiffs believe that many of Defendant's business practices are unconscionable and unlawful, and so on October 2, Plaintiffs filed the class action complaint under South Carolina Rule 23, seeking the certification of a class which they define as follows:

> **Injunctive Relief Class.** All citizens of South Carolina who are domiciled in South Carolina and who borrowed money from Defendant in the three years preceding the filing of the complaint or who will borrow money from the Defendant in the future.
>
> **Damages Subclass One.** All citizens of South Carolina who borrowed money from Defendant in the three years preceding the filing of this complaint whose total monthly obligations exceeded 55% of their gross monthly income.
>
> **Damages Subclass Two.** All citizens of South Carolina who renewed a loan with Defendant by repaying only the interest and received a new loan.

(Complaint ¶ 33.) Plaintiffs assert that the loans in question are so usurious as to be unconscionable, and therefore plead for declaratory judgment and injunctive relief against Defendant's making any further loans without first conducting a credit check and verifying the applicant's ability to repay the loan. Furthermore, Plaintiffs assert that Defendant's actions constitute a violation of S.C.Code Ann. § 37–5–108(1)(a) and (b), which prohibits consumer credit transaction agreements from being unconscionable either in substance or inducement. Finally, Plaintiffs assert that Defendants breached their contracts and violated their covenant of good faith and fair dealing.

On October 17, 2007, Defendant removed this action to federal court. Defendant claimed that this court had jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), specifically provision 28 U.S.C. § 1332(d)(2). On November 13, Plaintiffs filed a Motion to Remand with this court, alleging that Defendant had improperly removed this matter to this court, since minimal diversity did not exist among the parties, and that even if it did, the CAFA's "home state" exception defeated jurisdiction. On December 3, Defendant filed a Response in Opposition to Plaintiffs' Motion to Remand, to which Plaintiffs filed a Reply on December 10.

## *DISCUSSION*

The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir.2004) (citing *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994)). This is as true of cases removed under the CAFA as it is of cases removed under other provisions of federal law. *Lanier v. Norfolk Southern Corp.,* 2006 WL 1878984 at *2 (D.S.C.2006) (holding that the burden is on removing party to show that removal was

appropriate under the CAFA). The court is obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Id.* Section 1447(c) of the United States Code provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

In 2005, Congress passed into law the Class Action Fairness Act ("CAFA"), which altered the scenarios under which a defendant to a class action lawsuit could remove the matter to federal court. Under the CAFA, a defendant may now remove a class action suit to federal court when (1) the aggregate amount of all claims of all class members exceeds $5,000,000; (2) any member of the class is a citizen of a different state than any defendant; and (3) the action is removed within 30 days of the amendment which gave rise to the grounds for removal. 28 U.S.C. §§ 1332(d). In the present case, neither side disputes that factors (1) and (3) are present, and the dispute before the court, therefore, concerns factor (2).

Plaintiff has asserted two grounds for remand. First, Plaintiff alleges that there is not even minimal diversity between the parties, which is required for the CAFA to apply. Even if there is minimal diversity and the CAFA does apply, Plaintiff asserts that the CAFA's "home state" exception explicitly prohibits this court from taking jurisdiction over the present case. Defendant disputes both of these grounds.

## I. Minimal Diversity

The CAFA provides that:

The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

28 U.S.C. § 1332(d)(2). This is known as minimal diversity. The question the court must decide, therefore, is whether any plaintiff is a citizen of a different state than Defendant.

### A. Citizenship of Class Members

The court must first decide the state of citizenship of all members of the class. By its definition, the class in question is limited to citizens of South Carolina. If any person is not a citizen of South Carolina, even if they were formerly a citizen of South Carolina that entered into the type of transaction with Defendant being disputed in the present action, they are barred from participating in the present class action. Defendant disputes this, alleging that many of their customers are low-income and transient, and thus many members of the proposed class are now or will soon be living in other states. According to Defendant, therefore, there is minimal diversity even among the class members themselves.

■ The court rejects Defendant's argument regarding the citizenship of class members. The class definition could not be more explicit in limiting membership to citizens of South Carolina. Even if, as Defendant asserts, some class members are now residing in other jurisdictions, this does not necessarily disqualify them as class members, as it does not mean that they are citizens of jurisdictions other than South Carolina. The test for determining citizenship is the jurisdiction in which a citizen is domiciled, not merely where they reside. *See, e.g., Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.,* 145 F.3d 660, 663 (4th Cir.1998) ("[S]tate citizenship

for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile...."). If certain class members have relocated to other jurisdictions but still consider South Carolina their home jurisdiction and plan on returning, then their states of residence have no impact at all on the minimal diversity requirement. If they have, in fact, changed their states of domicile, then they no longer qualify as class members under the class definition set forth in the Complaint, and therefore also have no impact at all on the minimal diversity requirement.

Therefore, for the purposes of determining the state of citizenship of Plaintiffs for determining whether minimal diversity exists, all members of the class are citizens of South Carolina.

### B. Citizenship of Defendant

■ Defendant further asserts that its own citizenship status satisfies the CAFA's minimal diversity requirement. Defendant is incorporated under the laws of the state of Delaware, but has its principal place of business in South Carolina. Defendant acknowledges this dual citizenship. (Def.'s Response at 9.)

Plaintiffs and Defendant differ on the effect of dual citizenship on the minimal diversity requirement. Defendant asserts that since it has citizenship in Delaware as its place of incorporation, it is a citizen of a state which is different from the state which Plaintiffs hail from, therefore minimal diversity is present. Plaintiffs, on the other hand, assert that since Defendant is a citizen of South Carolina, which is the same state of citizenship as all class members, there is no minimal diversity here, and the fact that Defendant may also be a citizen of another jurisdiction does not establish jurisdiction under the CAFA.

Defendant has directed this court's attention to one court that has faced this issue. *Fuller v. Home Depot Servs., LLC,* 2007 WL 2345257 (N.D.Ga.2007). In that case, the defendant was a citizen of both Delaware, its state of incorporation, and Georgia, the state of its principal place of business. The court held that:

> Even assuming that the plaintiff and all potential class members are citizens of Georgia, the minimal diversity requirement is met here because Home Depot is a citizen of a different state-Delaware. In other words, although Home Depot is a Citizen of Georgia, it is also a citizen of Delaware and, therefore, is diverse from at least one member of the class.

*Id.* at *3. However, at least one other court has held that minimal diversity is only satisfied "if there is at least one member of the class who is not a citizen of either [the state where defendant has its principal place of business or state where defendant was incorporated]." *Sundy v. Renewable Envtl. Solutions, LLC,* 2007 WL 2994348 (W.D.Mo.2007). The United States Supreme Court has noted that this issue exists, but has explicitly declined to clarify the rule.[2]

---

**2.** The Supreme Court wrote in dicta:

> We understand "minimal diversity" to mean the existence of at least one party who is diverse in citizenship from one party on the other side of the case, even though the extraconstitutional "complete diversity" required by our cases is lacking. It is possible, though far from clear, that one can have opposing parties in a two-party case who are co-citizens, and yet have minimal

diversity is present. Plaintiffs, on the other hand, assert that since Defendant is

Article III jurisdiction because of the multiple citizenship of one of the parties. Although the Court has previously said that minimal diversity requires "two adverse parties [who] are not co-citizens," the Court did not have before it a multiple-citizenship situation.... We do not understand the inquiry into minimal diversity to proceed by hypothetically rewriting, to whatever the Constitution might allow that would sup-

■ The court holds that a party may not establish minimal diversity simply by maintaining dual citizenship. Under the standard federal rules governing diversity jurisdiction, when a corporate defendant has dual citizenship due to being incorporated in a different jurisdiction than its principal place of business, there is *not* diversity jurisdiction if the plaintiff is a citizen of the state of the corporate defendant's principal place of business. *See, e.g., Croxton v. King's Dep't Store of Newport News, Inc.,* 449 F.2d 777 (4th Cir. 1971) (holding that where defendant had incorporated in Delaware but had its principal place of business in Virginia, and was being sued by a plaintiff who was a Virginia citizen, there was no diversity jurisdiction).

While there is no doubt that Congress intended to expand federal jurisdiction over class action lawsuits by enacting the CAFA, and the court fully understands that minimal diversity is a separate and distinct concept from complete diversity, there is nothing in either the plain language of the statute or the legislative history that indicate that the statute goes as far as Defendant proposes. If the court were to accept Defendant's interpretation of the statute, this would only allow most large corporate entities, which are typically incorporated under the laws of Delaware but maintain principal places of business in other jurisdictions, to be sued in class action suits brought in federal court.

This would be true even if the actions alleged only took place within a certain state (in this case, South Carolina), all plaintiffs and class members were citizens of that state, and there was no significant public policy reason why the case should be considered by a federal, and not a state, court.

However, there is simply no evidence that Congress intended the CAFA to completely rewrite the most basic concepts in federal jurisdiction jurisprudence by enacting the CAFA and completely prevent corporate defendants from being sued in a class action in state court. Indeed, it would seem supremely ironic if a statute with the ostensible goal of preventing "forum shopping" allowed corporate defendants to completely deny plaintiffs access to state court class action remedies merely by incorporating under Delaware law. Therefore, the court defines minimal diversity under the CAFA as being present when a defendant is not be a citizen of the same jurisdiction as the jurisdiction in which any member of the class is a citizen. Specifically, in this case, since Defendant is a citizen of South Carolina, and all plaintiffs are also citizens of South Carolina, the court does not find that the parties are diverse merely because Defendant incorporated under the laws of Delaware.[3]

Accordingly, the court finds that there is not minimal diversity in the present case, and therefore the present action was not properly removable under the CAFA.

port Article III jurisdiction in the particular case, all laws bearing upon the diversity question.
*Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 578 n. 6, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) (citations omitted).

**3.** This interpretation is also amply supported by the plain language of the statute. Section 1332 provides that there is minimal diversity when "any member of a class of plaintiffs is a citizen of a State different from any defen-

dant." 28 U.S.C. § 1332(d)(2)(A). Here, as discussed above, each and every class member is a citizen of South Carolina, and therefore is *not* a citizen of a State different from the defendant, since the defendant is also a citizen of South Carolina. Defendant's interpretation, and the ruling of the *Fuller* court, seems to approach the issue from precisely the opposite perspective, by asking if the defendant is a citizen of a jurisdiction different from any plaintiff.

## II. CAFA's "Home State" Exception

■ However, even if the CAFA did apply the present action, remand would be appropriate under the CAFA's "Home State" Exception. The CAFA provides that "[a] district court shall decline to exercise jurisdiction ... [where] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4).

Here, as discussed in the previous section, the court finds that all class members, as is made explicit by the class definition itself, are necessarily citizens of South Carolina. For its part, Defendant acknowledges that its principal place of business is in South Carolina, and therefore it is a citizen of South Carolina for jurisdiction purposes.

■ The party seeking remand bears the burden of showing that the home state exception is applicable. *See, e.g., Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1024 (9th Cir.2007); *Hart v. FedEx Ground Package Sys., Inc.,* 457 F.3d 675, 680 (7th Cir.2006); *Frazier v. Pioneer Americas LLC,* 455 F.3d 542, 546 (5th Cir.2006); *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1165 (11th Cir.2006). In this case, then, Plaintiffs must demonstrate to the court that the home state exception to federal jurisdiction under the CAFA applies.

Defendant asserts that Plaintiffs have failed to present any evidence that the home state exception applies. In support of its argument, Defendant cites a number of cases from other federal courts which determined that the plaintiff(s) had not met this burden, and failed to demonstrate that the CAFA's home state exception precluded the court from exercising jurisdiction over the case. However, all of these cases are materially distinguishable, because in none of the cases cited by Defendant was the class explicitly defined as only consisting of *citizens* of the jurisdiction in question.[4] While numerous courts

---

4. In *Evans v. Walter Industries, Inc.,* the Eleventh Circuit held that the home state exception did not apply where the class was defined as "[a]ll property owners, lessees, [and] licensees of properties" upon which the offending activity took place. 449 F.3d 1159, 1165 (11th Cir.2006). The court held that plaintiff had not shown that two-thirds of all class members were, in fact, citizens of Alabama, as they could very well be residents of other jurisdictions who happened to own property in Alabama. *Id.* at 1166. In *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.,* the Fifth Circuit held that the home state exception did not apply where the class was defined as all persons who sustained injury, damage, or wrongful death in Orleans parish during Hurricane Katrina. 485 F.3d 793, 796 (5th Cir.2007). The court held that plaintiffs had not met their burden merely by showing that more than two-thirds of class members listed Louisiana mailing addresses, since many of these could have in fact been citizens of other jurisdictions merely residing in Louisiana. *Id.* at 800.

In *Anthony v. Small Tube Manufacturing Corp.,* a district court held that the home state exception did not apply where the class was defined as "all current and former employees" of a Pennsylvania manufacturing facility who were exposed to beryllium-containing products. 535 F.Supp.2d 506, 508–09 (E.D.Pa.2007). The court held that plaintiff had not met his burden of demonstrating that greater than two-thirds of the class were citizens, as they could have been citizens of other jurisdictions during or after their employment at the facility. *Id.* at 517. In *Gerstenecker v. Terminix International, Inc.,* a district court held that the home state exception did not apply where the class was defined as requiring all class members to be located within the state of Illinois. 2007 WL 2746847 at *3 (S.D.Ill.2007). The court distinguished between residing in Illinois and being domiciled in Illinois, which is the actual test for citizenship. *Id.* In *McMorris v. TJX Companies, Inc.,* a district court held that the home state exception did not apply where the class was defined as Massachusetts residents who had

have held that the home state exception does not apply when the class membership is defined in terms of residency on the grounds that residents are not necessarily citizens, Defendant has not directed this court's attention to, and this court is not aware of, any case in which a court has held that the plaintiffs have failed to meet their burden of demonstrating the applicability of the home state exception where being a citizen of a given jurisdiction is an explicit condition of being a member of the class. Here, the class definition could not be any clearer in its restriction to only allow those who are citizens of South Carolina to be a member of the class. Therefore, Defendant's assertions that certain class members have out-of-state mailing addresses does not impact this court's citizenship analysis, and it does not mean that Plaintiffs have failed to meet their burden of demonstrating the home state exception's applicability before this court.

In one of the cases cited by Defendant, *Gerstenecker*, in fact, the court explicitly held that *"[w]here the definition of the class does not explicitly require that its members be citizens of a particular state,* and no other evidence of citizenship whatsoever is given, this Court cannot find that 'greater than two-thirds of the members of the class ... are citizens of the State in which the action was originally filed.'" 2007 WL 2746847 at \*3 (quoting 28 U.S.C. § 1332(d)(4)(A)(I)) (emphasis added). While one of the purposes of the CAFA is to discourage forum shopping, this court has held that under the well-pleaded complaint rule, a class action lawsuit may be pled so as to avoid removal to federal court under the CAFA. *Chavis v. Fidelity Warranty Servs., Inc.*, 415 F.Supp.2d 620, 627 (D.S.C.2006) (holding that "Plaintiffs could have limited the damages alleged in their complaint to escape possible removal to federal court under the CAFA."). Here, Plaintiffs quite clearly intended to limit their class membership to individuals who were citizens of the state of South Carolina, and did so quite explicitly. If this court were to accept Defendant's interpretation of the home state exception, it would render the home state exception without any practical impact at all, since it would then be virtually impossible for a plaintiff to ever meet its burden of showing a court that two-thirds or greater of the class were citizens of the jurisdiction in question.

The court holds that Plaintiffs, by explicitly requiring all class members to be citizens of South Carolina, has met its burden

---

made purchases at certain specified stores, due to the fact that those who resided in Massachusetts were not necessarily Massachusetts citizens. 493 F.Supp.2d 158, 166 (D.Mass.2007). In *Musgrave v. Aluminum Co. of America, Inc.*, a district court held that the home state exception did not apply where the class was defined as mine workers, residents, and landowners near the mine, since one could still be a citizen of another jurisdiction and fall under the class definition. 2006 WL 1994840 at \*2 (S.D.Ind.2006). In *Nichols v. Progressive Direct Insurance Co.*, a district court held that the home state exception did not apply where the class was defined as those doing business in the state of Kentucky who had not received a refund of their insurance premiums, as it would be "sheer speculation" to presume that two-thirds of the class were therefore citizens of Kentucky. 2007 WL 1035014 at \*3 (E.D.Ky.2007). In *Phillips v. Severn Trent Environmental Services, Inc.*, a district court held that the home state exception did not apply where the class was defined as those living in a certain Louisiana parish where the tap water was allegedly contaminated, because the class definition merely specified residence and not domicile. 2007 WL 2757131 at \*3 (E.D.La.2007). Finally, in *Schwartz v. Comcast Corp.*, a district court held that the home state exception did not apply where the class was defined as those residing in Pennsylvania who had difficulties dealing with a cable company, because there was no evidence introduced that the class members' domicile, as opposed to merely residence, was in Pennsylvania. 2006 WL 487915 at \*6 (E.D.Pa.2006).

of showing this court by a preponderance of the evidence that at least two-thirds of its class members are South Carolina citizens. Accordingly, the court finds that the CAFA's "home state exception" applies to the present case, and this matter should be remanded back to state court.

## III. Attorneys' Fees

■ The final remaining matter to be decided by this court is whether to award attorneys' fees to Plaintiffs for the cost of litigating the removal and remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that under 28 U.S.C. § 1447(c), "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). The rationale behind the award of attorneys' fees in cases of wrongful remand is to prevent parties from removing cases to federal court merely as a delay tactic in litigation.

Here, however, there is no indication, and the court does not believe, that this was the case. This was a complex question of law on which there is some conflicting precedent. Defendant made a reasonable, cogent argument, supported by some analogous caselaw, that there was minimal diversity in the present matter, and that the CAFA's home state exception did not apply. To adopt a rule where the court awarded attorneys' fees in every case which is ultimately remanded back to state court would be entirely counterproductive, in that it would have a chilling effect on those wishing to remove cases to federal court in all but the most certain cases. The court cannot and will not take such a step, as parties who reasonably believe it is their right to have their case heard in federal court should not be discouraged from seeking to exercise that right.

Accordingly, the court finds that Defendant had a reasonable basis for removing the case, and Plaintiffs' Motion for Attorneys' Fees and Costs is denied.

### CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Plaintiffs' Motion to Remand this matter to the Georgetown County Court of Common Pleas is **GRANTED.** Furthermore, Plaintiffs' request for attorneys' fees and costs relating to Defendant's removal of this matter to this court is **DENIED.**

**AND IT IS SO ORDERED.**