FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIAM SERRANO, on behalf of
himself, the general public, and as
an "aggrieved employee" under
the California Labor Code Private
Attorneys General Act,
　　　　　　　*Plaintiff-Appellee,*

　　　　　　v.

180 CONNECT, INC.; MOUNTAIN
SATELLITE, INC.; IRONWOOD
COMMUNICATIONS, INC.; MOUNTAIN
CENTER, INC.,
　　　　　　　*Defendants-Appellants.*

No. 06-17366

D.C. No.
CV-06-01363-THE

OPINION

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Argued and Submitted
February 15, 2007—San Francisco, California

Filed February 22, 2007

Before: J. Clifford Wallace, Richard D. Cudahy,* and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge McKeown

---

*The Honorable Richard D. Cudahy, Senior United States Circuit Judge
for the Seventh Circuit, sitting by designation.

2243

**COUNSEL**

Mark R. Thierman, Esq., Thierman Law Firm, Reno, Nevada, for the plaintiff-appellee.

Michael Hoffman, Esq., Littler Mendelson, San Francisco, California, for the defendants-appellants.

**OPINION**

McKEOWN, Circuit Judge:

This case presents yet another unresolved issue under the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. 109-2, 119 Stat. 4 (2005). Defendants-Appellants 180 Connect, Inc., Ironwood Communications, Inc. and Mountain Center, Inc. ("the Employers") appeal from the district court's order remanding a putative class action lawsuit to California state court under CAFA's "home-state controversy" exception to federal jurisdiction. The district court held that the Employers, the parties seeking removal, bear the burden to establish the exception. We disagree. The structure of the statute and the long-standing rule on proof of exceptions to removal dictate that the party seeking remand bears the burden of proof as to any exception under CAFA. Consequently, we reverse, thus joining our sister circuits that have considered the issue. *See Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675 (7th Cir. 2006); *Frazier v. Pioneer Americas LLC*, 455 F.3d

542 (5th Cir. 2006)*; Evans v. Walter Indus., Inc.*, 449 F.3d 1159 (11th Cir. 2006).

## FACTUAL BACKGROUND

Plaintiff-Appellee William Serrano ("Serrano") filed a complaint in California state court in January 2006, as a putative class action alleging claims for unpaid wages, paycheck violations, inaccurate wage statements, failure to provide adequate rest and meal breaks, and unfair business practices in violation of various California state labor and unfair business practices laws. Serrano seeks certification of a class of current and former residential installation technicians employed by the Employers in California. The complaint alleges that 180 Connect employs residential installation contractors to perform installation services across the United States, but does not allege any facts regarding the relationship among 180 Connect, Inc., Ironwood Communications, Inc. and Mountain Center, Inc.

The Employers timely removed the case to the United States District Court for the Northern District of California, citing CAFA, 28 U.S.C. § 1332(d)(2), and the general removal statute, 28 U.S.C. § 1441(b).[1] Serrano filed a motion to remand based on two exceptions to CAFA jurisdiction, namely, the "local controversy" exception, § 1332(d)(4)(A), and the "home-state controversy" exception, § 1332(d)(4)(B). After briefing and oral argument, the district court issued a tentative order granting Serrano's motion to remand. The district court concluded that: (1) the Employers, as the removing party, bear the burden of showing both that CAFA's jurisdictional elements are satisfied and that no exceptions to CAFA jurisdiction apply; (2) the Employers satisfied their burden to show that CAFA applied; (3) the Employers sufficiently demonstrated that the § 1332(d)(4)(A) "local controversy" excep-

---

[1] Throughout this opinion, all section references are to Title 28 of the United States Code.

tion did not apply, but (4) the Employers did not satisfy their burden to show the inapplicability of the "home-state controversy" exception, § 1332(d)(4)(B).

As to the last point, regarding the "home-state controversy" exception, the district court permitted the parties to file supplemental briefing and evidence. The district court then issued a second order affirming and adopting its tentative order and granting Serrano's motion to remand based on § 1332(d)(4)(B). Pursuant to § 1453(c)(1), the Employers timely filed an application for appeal,[2] which we granted on December 22, 2006.

On appeal, the Employers challenge both of the district court's orders. The Employers contend that the district court erred in placing the burden of proof on them to establish the *inapplicability* of CAFA's exceptions, rather than requiring Serrano to establish the *applicability* of any exception. The Employers also claim that the district court erred in its construction of the term "primary defendants" as used in the "home-state controversy" exception. Finally, the Employers challenge the district court's conclusion that they failed to show the inapplicability of the "home-state controversy" exception.

Although remand orders generally are not appealable, *see* § 1447(d), § 1453(c) confers discretionary appellate jurisdiction to review remand orders in actions that were removed under CAFA. We review *de novo* the district court's order

---

[2]The Employers' application for appeal was filed on the sixth court day after entry of the district court's second and final remand order and was therefore timely. *See Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs., Inc.*, 435 F.3d 1140, 1146 (9th Cir. 2006) (holding that an application for appeal under § 1453(c)(1) must be filed within seven court days of entry of district court's order granting or denying remand). The application also satisfied Federal Rule of Appellate Procedure 5, as required. *See id.* at 1145.

remanding the action. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006).

## ANALYSIS

## I.  ORIGINAL JURISDICTION UNDER CAFA

**[1]** As a threshold matter, CAFA applies to "class action" lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." § 1332(d)(5); *see* § 1332(d)(1)(B) (defining "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action"). Once the prerequisites of § 1132(d)(5) are satisfied,[3] CAFA vests federal courts with "original" diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant. § 1332(d)(2).

---

[3]The Fifth Circuit characterized § 1332(d)(5) as an "exception" to CAFA jurisdiction conferred under § 1332(d)(2). *See Frazier*, 455 F.3d at 546. We view § 1332(d)(5) somewhat differently. Although subsection (5) appears later in the statute, it plainly provides that "*paragraphs (2) through (4) shall not apply to any class action* in which (A) the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or (B) the number of members of all proposed plaintiff classes in the aggregate is less than 100." § 1332(d)(5) (emphasis added). Thus, satisfaction of § 1332(d)(5) serves as a prerequisite, rather than as an exception, to jurisdiction under § 1332(d)(2). This distinction is important because, as we address later, there are "exceptions" to the statute in which jurisdiction otherwise exists under § 1332(d)(2) but the federal courts either *may* or *must* decline to exercise that jurisdiction. *See, e.g.,* § 1332(d)(3)-(4). Our approach is consistent with the view adopted by the Seventh Circuit in *Hart*, 457 F.3d at 679 (holding that the provisions of § 1332(d)(5) must be satisfied before CAFA applies to a class action).

Thus, under CAFA, complete diversity is not required; "minimal diversity" suffices. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005); *see Abrego,* 443 F.3d at 680-82 (discussing changes to federal diversity jurisdiction with the adoption of CAFA).[4]

[2] The district court concluded that the Employers satisfied their burden to establish the elements of § 1332(d)(2) and (d)(5). Neither party disputes this conclusion on appeal. However, we have an independent obligation to determine that subject matter jurisdiction exists both in this court and in the district court, even where the parties do not raise the issue. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). Based on our review of the record and the district court's detailed findings, we are satisfied that the Employers met their preliminary burden under § 1332(d)(5) to establish that the putative plaintiff class includes 100 or more persons, and that neither the state, its officers nor government agencies are primary defendants. In addition, the record reveals that the amount in controversy exceeds $5,000,000 and minimal diversity exists among the parties.[5] Thus, the district court properly concluded that original subject matter jurisdiction exists under § 1332(d)(2).

---

[4]Although we construe § 1332(b)(5) as a prerequisite to application of CAFA's "minimal diversity" jurisdiction, this is a specific requirement under CAFA. Federal diversity jurisdiction still exists for other class actions that satisfy the general diversity jurisdiction provision of § 1332(a). *See, e.g., Snyder v. Harris*, 394 U.S. 332, 340 (1969) (noting that in class actions under § 1332(a), only the citizenship of the named parties counts for purposes of determining "complete diversity").

[5]A fourth defendant named in the complaint, Mountain Satellite, had not been served with the complaint when the district court decided Serrano's motion to remand. The Employers allege that Mountain Satellite is a "sham" defendant. The district court did not consider this defendant's effect on jurisdiction, nor do we, because under CAFA only "minimal diversity" must be shown and the Employers satisfied this requirement.

## II.  BURDEN OF PROOF

### A.  BURDEN TO ESTABLISH REMOVAL JURISDICTION UNDER CAFA

We recently addressed whether CAFA altered the "long-standing, near-canonical rule" that the burden of establishing removal jurisdiction is on the proponent of federal jurisdiction. *Abrego,* 443 F.3d at 684. CAFA, though silent as to the burden of proof, is not ambiguous. *See id.* at 683-84. We concluded that Congress intended to maintain the historical rule that it is the proponent's burden to establish a prima facie case of removal jurisdiction. *See id.* at 684-85.

### B.  BURDEN TO ESTABLISH EXCEPTIONS TO CAFA JURISDICTION

We now turn to the question of who bears the burden to establish any *exceptions* to CAFA's jurisdiction. The district court held that the burden remains on the removing party to disprove applicability of any exceptions to CAFA's grant of jurisdiction. Put another way, this construction requires the removing party to show the *inapplicability* of the exceptions to jurisdiction. Our reading of the statute, coupled with the Supreme Court's jurisprudence regarding the general removal statute, § 1441, leads us to reject that approach. Rather, we conclude that the party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.

### 1.  EXCEPTIONS TO CAFA JURISDICTION

Our resolution of this issue derives first and foremost from the plain text and structure of the statute. Section 1332(d)(2) confers "original jurisdiction" where the amount in controversy exceeds $5,000,000 and minimal diversity exists. Thus, this section sets out the contours of original jurisdiction. In contrast, § 1332(d)(3)[6] describes situations where district

---

[6]Subsection (d)(3) provides:

A district court *may*, in the interests of justice and looking at the

courts *may* "decline to exercise jurisdiction" "in the interests of justice and looking at the totality of the circumstances"; and § 1332(d)(4) sets out two circumstances that *require* district courts to decline jurisdiction, the so-called "local controversy" and "home-state controversy" exceptions. Implicit in both subsections (d)(3) and (d)(4) is that the court has jurisdiction, but the court either may or must decline to exercise such jurisdiction. *See* § 1332(d)(3)-(4).

The "local controversy" exception provides that a "district

---

totality of the circumstances, *decline to exercise jurisdiction* under [§ 1332(d)(2)] over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—

   (A) whether the claims asserted involve matters of national or interstate interest;

   (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

   (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

   (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

   (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

   (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

§ 1332(d)(3) (emphasis added).

court *shall* decline to exercise jurisdiction" over a class action in which the plaintiff class and at least one defendant meet certain characteristics that essentially make the case a local controversy.[7] Although the parties disputed this exception before the district court, it is not raised in this appeal.

**[3]** Section 1332(d)(4)(B) sets forth what has been dubbed the "home-state controversy" exception:

> A district court *shall decline to exercise jurisdiction* under [§ 1332(d)(2)] . . . (B) where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

---

[7] (4)   A district court *shall* decline to exercise jurisdiction under [§ 1332(d)(2)]—

(A)(i) over a class action in which—

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

§ 1332(d)(4)(A) (emphasis added).

§ 1332(d)(4)(B) (emphasis added).

**[4]** Serrano argues that the circumstances enumerated in § 1332(d)(4) do not represent "exceptions" to CAFA's jurisdiction, but simply constitute additional elements that must affirmatively be shown by the party seeking to establish CAFA jurisdiction in the first instance. Serrano cites to a recent district court opinion, *Lao v. Wickes Furniture Co., Inc.*, 455 F. Supp. 2d 1045 (C.D. Cal. 2006), for support. In *Lao*, the district court held that §§ 1332(d)(3) and (d)(4) provide additional criteria that must be proven as part of the prima facie case of diversity jurisdiction under CAFA, and that § 1332(d)(5) is an exception to the application of CAFA. *Id.* at 1054-59. We are not persuaded by *Lao*'s reasoning because it is inconsistent with the statute. As noted above, §§ 1332(d)(4)(A) and (B) *require* federal courts — although they *have* jurisdiction under § 1332(d)(2) — to "*decline to exercise jurisdiction*" when the criteria set forth in those provisions are met. Subsections (d)(4)(A) and (B) are not part of the prima facie elements of jurisdiction.

**[5]** That the provisions of §§ 1332(d)(4)(A) and (B) are not labeled as "exceptions" does not prevent them from operating as such, as Serrano suggests. Nor does it solve the interpretive puzzle to label them as "negative conditions," another of Serrano's suggestions. The provisions fit into the statutory structure as exceptions to jurisdiction, not elements of original jurisdiction. We thus hold that the provisions set forth in §§ 1332(d)(3) and (4) are not part of the prima facie case for establishing minimal diversity jurisdictional under CAFA, but, instead, are exceptions to jurisdiction. *See Hart*, 457 F.3d at 681 (construing §§ 1332(d)(4)(A) and (B) as "express exceptions" to § 1332(d)(2)'s grant of jurisdiction).

### 2. B<small>URDEN OF</small> P<small>ROOF</small>

The question thus arises whether the removing party or the party seeking remand bears the burden to establish an excep-

tion to jurisdiction. The statute separates the section regarding the prima facie case — § 1332(d)(2) — from the sections that set out exceptions to jurisdiction — §§ 1332(d)(3) and (d)(4). In this respect, the statute fits neatly with the structure of the general removal statute, § 1441(a). The latter statute provides that "*[e]xcept as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." § 1441(a) (emphasis added).

In *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), the Supreme Court addressed the burden of proof under § 1441(a). The Court noted that prior to 1948, the statute provided simply that any action within the original subject matter jurisdiction of the federal courts could be removed. *Id.* at 697. The statute was amended in 1948 to add the limiting language — "[e]xcept as otherwise expressly provided by Act of Congress" — thus carving out potential express exceptions to such removal jurisdiction. *See id.* (quoting Act of June 25, 1948, § 1441(a), 62 Stat. 937). The Court stated that "[s]ince 1948, therefore, there has been no question that whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception." *Id.* at 698.

**[6]** Similarly here, CAFA confers subject matter jurisdiction and provides express "exceptions" to the exercise of that jurisdiction. The well-established rule that the party seeking remand must prove the applicability of such exception governs with equal force in the context of CAFA as with the general removal statute.

**[7]** Consistent with the plain language of the statute and this well-established rule, we conclude that although the removing party bears the initial burden of establishing federal jurisdiction under § 1332(d)(2), once federal jurisdiction has been established under that provision, the objecting party

bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B).

Each of our sister circuits to address this issue has reached the same conclusion. *See Evans*, 449 F.3d at 1164-65 (holding that once the removing party has established the appropriateness of CAFA jurisdiction, the objecting party bears the burden to prove the applicability of any exception to CAFA's grant of jurisdiction)*; Frazier*, 455 F.3d at 546 (adopting the reasoning of the Eleventh Circuit in *Evans* and holding that the burden to prove an exception to CAFA jurisdiction rests with the party challenging removal); *Hart*, 457 F.3d at 680-81 (holding same; reasoning that CAFA's text and structure, in addition to comparison to the § 1441(a) removal statute, require placement of the burden to show an exception to CAFA jurisdiction on the party objecting to removal).[8]

As we observed in *Abrego*, we do not think that Congressional silence on the burden of proof results in ambiguity in the statute, *Abrego*, 443 F.3d at 683-84, and thus we do not rely on the legislative history as the basis for our holding. The proper allocation of the burden may be determined by reference to the text and structure of § 1332(d) and the well-established rule reiterated by the Supreme Court in *Breuer* that plaintiffs bear the burden of proving the applicability of an exception to the general removal statute.

---

[8]The courts in *Evans* and *Frazier* also concluded that plaintiffs (the party most often seeking remand) are generally in a better position to show the facts regarding the citizenship of the plaintiff class. *See Evans*, 449 F.3d at 1164 n.3; *Frazier*, 455 F.3d at 546. *But see Hart*, 457 F.3d at 680 (indicating that the court was not persuaded that this rationale supported the result). We recognize that the burden may play out differently depending on the case. Although the plaintiff controls the framing of the complaint, the plaintiff may not always have access to a complete data set as to the citizenship of the class members or information about the defendants. Because it is difficult to make such a judgment in the abstract, we do not rest our decision on this policy rationale.

### III.   APPLICATION OF BURDEN OF PROOF TO SERRANO'S CASE

[8] The district court found that the Employers sufficiently proved that § 1332(d)(4)(A)'s "local controversy" exception was inapplicable. Neither party challenges that finding on appeal. Although the burden should have been placed on Serrano to prove the applicability of the exception, in fact, Serrano was the beneficiary of the district court's imposition of the burden on the Employers.

[9] As to the "home-state controversy" exception, the district court imposed the burden on the Employers and held that they had "not met their burden with respect to either prong of the exception." Because the district court has not had an opportunity to consider whether Serrano has satisfied his burden of establishing the requirements of § 1332(d)(4)(B), we remand to the district court for a determination of this issue in the first instance. As a consequence of this remand, we do not address the "primary defendants" issue. It would be premature for us to advise as to the meaning of "primary defendants" without the benefit of a district court proceeding (and the corollary record) conducted under the correct burden of proof.

**REVERSED AND REMANDED.**