**NOT FOR PUBLICATION**

### UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL TODD; GREGORY STACKHOUSE; STEVE BLAI; VONDA SARGENT; MAX HARRISON; ZOANN CHASE-BILLING; OJNJEN PANDZIC; SEUNGRAN CHWE; DANIEL WU; MARCUS NAYLOR; MELISSA MILLER; LEN JOHNSON; ASHLEY ALM; JIM AMES; BLANCA ZAMORA; CHARLES MAEL; SOMER CHACON; BRAD HAMPTON; NICHOLAS JUHL; GEORGINA LUKE; JUDITH STREDICKE; MARK CONTRATTO; ANEVA FREEMAN; CHRIS CLINE; TERA CLINE; JIM ABRAHAM; CATHERINE IWAKIRI; VICKI WAGNER; CODY EDWARDS; JULIE WILLIAMS; MICHAEL SALOKAS; BARBARA KELLER; CRAIG COATES; CHRIS SPERLICH; LORI FLEMING; BEN BACCARELLA; DALTON SHOTWELL; JERRY KNUDTSEN; BELINDA RIBA; GREIG FAHNLANDER; STEVEN MOODY; RICH NEWMAN; DONALD STAVE; RICHARD MERCHANT; DAVID ROARK; TIMOTHY MORGAN; CHARLES GUST; CASEY HALVERSON; RICHARD DAIKER, | No. 10-35222 <br><br> D.C. No. 2:09-cv-01232-JCC <br><br> MEMORANDUM[*] |

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

individually and on behalf of two classes of similarly situated persons,

Plaintiffs - Appellants,

v.

CITY OF AUBURN; CITY OF BELLEVUE; CITY OF BONNEY LAKE; CITY OF BREMERTON; CITY OF BURIEN; CITY OF FEDERAL WAY; CITY OF FIFE; CITY OF ISSAQUAH; CITY OF LACEY; CITY OF LAKE FOREST PARK; CITY OF LAKEWOOD; CITY OF LYNNWOOD; CITY OF PUYALLUP; CITY OF RENTON; CITY OF SEATAC; CITY OF SEATTLE; CITY OF SPOKANE; CITY OF TACOMA; AMERICAN TRAFFIC SOLUTIONS, INC., doing business as ATS; AMERICAN TRAFFIC SOLUTIONS, LLC, doing business as ATS Solutions; REDFLEX TRAFFIC SYSTEMS, INC.,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted March 11, 2011
Seattle, Washington

Before: FISHER, GOULD and TALLMAN, Circuit Judges.

The plaintiffs in this putative class action ran red lights or sped in school zones and were photographed by automated traffic safety cameras installed by the defendant cities and camera companies. The plaintiffs argue that the fines they received for these infractions exceed limits set by Revised Code of Washington section 46.63.170 and that payment provisions in the cities' contracts with the camera companies violate statutory restrictions on the form of compensation. They also contend the defendant cities should have had the Notices of Infraction (NOIs) used to issue the camera citations approved by the Washington Administrative Office of the Courts (AOC).

The plaintiffs sued in state court, and the defendants removed to federal court under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d).[1] The district court granted the defendants' Rule 12(b)(6) motion to dismiss. We affirm.

**I.**

---

[1] We do not consider the plaintiffs' argument, raised for the first time on appeal, that the district court should have remanded this case to state court under CAFA's local controversy exception, 28 U.S.C. § 1332(d)(4)(A). The plaintiffs forfeited this argument by not raising it in the district court, *see Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010), and the potential applicability of the local controversy exception does not undermine the district court's jurisdiction. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022-24 (9th Cir. 2007) ("Implicit in . . . subsection[] [1332](d)(4) is that the court *has* jurisdiction, but the court . . . must decline to exercise such jurisdiction." (emphasis added)).

The fines the defendant cities charge for infractions captured on traffic safety cameras do not exceed limits imposed by section 46.63.170. Under section 46.63.170(2), "the amount of the fine issued for an infraction generated through the use of an automated traffic safety camera shall not exceed the amount of a fine issued for other parking infractions within the jurisdiction." Here, the camera fines plainly do not exceed the fines imposed for certain other parking infractions. *See, e.g.*, Wash. Rev. Code. § 46.16.381(7)-(9) ($250 fine for disabled parking); Seattle, Wash., Mun. Code § 11.31.121 (same). They are therefore within statutory limits. Nothing in the statute limits camera fines to the amount charged for "standard" or "typical" parking infractions, or to the amount charged for infractions authorized solely by local law.

Because the plain language of section 46.63.170(2) unambiguously authorizes the fines the defendants impose, we are precluded from considering the plaintiffs' argument that the legislative history compels a contrary conclusion. *See State ex rel. Evergreen Freedom Found. v. Wash. Educ. Ass'n*, 999 P.2d 602, 611 (Wash. 2000) ("When words in a statute are plain and unambiguous, this Court is required to assume the Legislature meant what it said and apply the statute as written.").

**II.**

The district court also correctly rejected the plaintiffs' challenges to two types of compensation provisions in the contracts between the defendant cities and camera companies.

The plaintiffs first challenge the "stop-loss" or "cost neutrality" provisions that allow the cities to delay payment of any fees greater than the amount of revenues generated by citations that month until revenues exceed monthly fee obligations. The plaintiffs argue that these provisions violate the statutory directive that "the compensation paid . . . must be based only upon the value of the equipment and services provided . . . , and may not be based upon a portion of the fine or civil penalty imposed or the revenue generated by the equipment." Wash. Rev. Code. § 46.63.170(1)(i). We disagree. The cost neutrality provisions alter the timing of fee payments in accordance with monthly revenue fluctuations, but they do not base the amount of fees upon a *portion* of the revenue generated.

We likewise reject the plaintiffs' contention that supplemental fee provisions in some of the defendants' contracts constitute fees improperly "based upon a portion of . . . the revenue generated." *Id.* The relevant provisions obligate certain cities to pay a $5 service fee per citation issued above the first 800 citations per camera per month. These fees are permissible because they constitute

5

"compensation . . . based . . . upon the value of the . . . services provided or rendered in support of the system." *Id*.

**III.**

The plaintiffs next argue the NOIs the cities issued to them violate statutory rules for approval of such notices. Under Revised Code of Washington section 46.63.060(2) and Infraction Rules for Courts of Limited Jurisdiction (IRLJ) 2.1(a), "the form used to file cases alleging the commission of a parking, standing or stopping infraction shall be approved by the Administrative Office of the Courts." The plaintiffs argue that because section 46.63.170(2) requires that camera infractions "be processed in the same manner as parking infractions," the NOIs generated for camera infractions must receive AOC approval in accordance with the IRLJ 2.1(a) command that NOIs "alleging the commission of a parking, standing or stopping infraction" be AOC-approved.

We reject this argument for two reasons. First, we agree with the district court that section 46.63.170(2)'s directive that camera infractions "be processed in the same manner as parking infractions" must be construed in light of the accompanying list of purposes for which camera infractions are processed like parking infractions. All of the provisions listed concern aspects of post-infraction procedure rather than initial notification. *See* Wash. Rev. Code §§ 46.63.170(2),

6

3.50.100, 35.20.220, 46.16.216, 46.20.270(3).  Second, section 46.63.170(1)(e) explicitly  addresses the form and content of camera infraction notices, suggesting that the legislature expressed relevant restrictions on camera NOIs in this provision alone.

**IV.**

Finally, we decline to address the plaintiffs' challenge to the use of traffic cameras at three-arterial intersections or their claim that the defendants use "faulty traffic camera system technology."  These claims were not articulated in the briefing on the defendants' motion to dismiss and are therefore waived on appeal. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006).

Because we affirm the district court's dismissal of the plaintiffs' claims on the merits, we do not address the defendants' contention that the claims are barred by res judicata.

\*\*\*

The district court correctly rejected the plaintiffs' challenges to the defendants' camera fine amounts, compensation arrangements and camera infraction NOIs.

The order granting the motion to dismiss is AFFIRMED.  The defendants'

motion for judicial notice is **DENIED** as moot.


    **AFFIRMED.**