Fred **BEY,** individually and on behalf of all similarly situated, Plaintiff,

v.

**SOLARWORLD INDUSTRIES AMER-ICA, INC.;** Solarworld Industries America, LP; SolarWorld Industries Services, LLC; Solarworld Power Projects, Inc., Defendants.

Case No. 3:11–cv–1555–SI.

United States District Court, D. Oregon, Portland Division.

Nov. 13, 2012.

David A. Schuck and Stephanie J. Brown, Schuck Law, LLC, Vancouver, WA, for Plaintiff.

Victor J. Kisch and Todd A. Hanchett, Stoel Rives LLP, Portland, OR, for Defendants.

## ORDER TO SHOW CAUSE

SIMON, District Judge.

Plaintiff commenced this putative class action in federal court, invoking minimal diversity subject-matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711–1715. The Court, acting *sua sponte,* orders the parties to show cause why the Court should not dismiss this case without prejudice, pursuant to either the "local controversy" mandatory abstention exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(A), or the "home-state controversy" mandatory abstention exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(B). Not later than Thursday, December 6, 2012, the parties shall file legal memoranda and supporting material. To the extent jurisdictional or related discovery is needed by any party on any issue relevant to this Order, such discovery may

take place on an expedited basis. If any party needs assistance from the Court in resolving a discovery dispute or a motion for extension of the December 6th deadline, the Court will act on an expedited basis.

## BACKGROUND

This putative class action was originally filed in federal court on December 28, 2011. Plaintiff filed an Amended Complaint on June 18, 2012. Except when expressly noted, the following allegations are taken from the original Complaint, but the Amended Complaint is not materially different with respect to these allegations.

There are four named Defendants in this action: (1) SolarWorld Industries America, Inc.; (2) SolarWorld Industries America, LP; (3) SolarWorld Industries Services, LLC; and (4) SolarWorld Power Projects, Inc. Plaintiff alleges that Solar-World Industries America, Inc. is a "domestic corporation," that SolarWorld Industries America, LP is a "foreign limited partnership," that SolarWorld Industries Services, LLC is a "foreign limited liability company," and that SolarWorld Power Projects, Inc. is a "foreign corporation." Other than these defendant-specific allegations, Plaintiff, for all other purposes in the Complaint, refers to all four Defendants collectively only as "SolarWorld." Pursuant to Rule 201 of the Federal Rules of Evidence ("FRE"), the Court intends to take judicial notice on its own, subject to the parties being allowed an opportunity to

be heard on or before December 6, 2012, of the following adjudicative facts, which are set forth on the Oregon Secretary of State, Corporation Division's website: (1) Solar-World Industries America, Inc. is an Oregon corporation with its principal place of business in Hillsboro, Oregon; (2) Solar-World Industries America, LP is a Delaware limited partnership that maintains its "records office" in Hillsboro, Oregon (its principal place of business is not identified); (3) SolarWorld Industries Services, LLC is a Delaware limited liability company with its principal place of business in Hillsboro, Oregon; and (4) SolarWorld Power Projects, Inc. is a California corporation with its principal place of business in California.

The named Plaintiff in this putative class action is Fred Bey. Although Mr. Bey does not identify his state of citizenship, he does allege that he worked for "SolarWorld" within Oregon. Plaintiff asserts that he brings this class action under Oregon's wage and hour laws to recover unpaid wages, overtime wages, and penalty wages on behalf of himself and all current and former employees of SolarWorld "who worked for SolarWorld within Oregon" during the time period relevant to Plaintiff's claims.[1]

On behalf of himself and the putative class, Plaintiff alleges three claims: (1) unpaid wages in violation of Oregon law; (2) unpaid overtime in violation of Oregon law; and (3) late payment of wages in violation of Oregon law. Plaintiff relies on

---

1. Plaintiff's claims are based on two features of Defendants' electronic time-keeping system in use in Defendants' facilities in Hillsboro, Oregon. According to Plaintiff, these two features deprived Plaintiff and similarly-situated employees and former employees of "Solar-World" in Hillsboro, Oregon of wages and overtime for all authorized time actually worked. One feature relates to the so-called "five minute rule," which affected time-keep-

ing at the beginning and end of each daily shift. The second feature relates to time-keeping for lunch breaks. Although Plaintiff does not allege when "SolarWorld" first instituted these electronic time-keeping features in Hillsboro, Oregon, Defendants' counsel has represented that they began in 2009. Limited jurisdictional discovery is permitted relating to this issue, among others.

the following Oregon statutes: Or.Rev. Stat. §§ 652.120, 652.140, 652.150, 652.200, 653.010, 653.055, 653.261; and related Oregon administrative regulations. Plaintiff asserts no claim under federal law.

In support of federal jurisdiction, Plaintiff alleges "on information and belief, that this Court has subject matter jurisdiction over all claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because this is pled as a class action, the amount in controversy exceeds $5,000,000 exclusive of interest and costs and because the alleged class exceed 100 members. Further, diversity of citizenship exists between the named Plaintiff and one or more of the [four] SolarWorld [named Defendants]."

Defendants have not moved to dismiss on jurisdictional grounds. Instead, Defendants recently filed a motion for partial summary judgment. Defendants' principal argument is that SolarWorld's electronic time-keeping system's "five-minute rule," upon which Plaintiff bases a significant portion of his claims, is lawful under the "*de minimis* doctrine." Defendants argue that this doctrine is recognized under federal cases interpreting and applying the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Because Oregon courts often look to comparable provisions of federal wage and hour law for guidance, Defendants argue, the *de minimis* doctrine also applies under Oregon law. Defendants add that although Plaintiff was an employee only of SolarWorld Industries America, Inc. (an Oregon corporation with its principal place of business in Oregon), they bring their motion for partial summary judgment on behalf of all Defendants. In response to Defendants' motion for partial summary judgment, Plaintiff argues that federal law does not apply to Plaintiff's claims, that Oregon statutory law is materially different from the FLSA,

that this Court must interpret Oregon statutory law in accordance with Oregon's statutory interpretation methodology, and that Defendants' defense under the federally-recognized *de minimis* doctrine "cannot override Oregon's wage and hour statutes," among other things.

## DISCUSSION

### A. Legal Standard

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). "[A] court may raise the question of subject-matter jurisdiction, *sua sponte*, at any time during the pendency of the action...." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002). *See also Appert v. Morgan Stanley Dean Witter*, 673 F.3d 609, 619 (7th Cir.2012) (noting, in the context of a suit presenting the issue of an exception to CAFA jurisdiction, "given that this suit raises concern over our subject matter jurisdiction, we forge ahead and address it *sua sponte*").

### B. Class Action Fairness Act of 2005 ("CAFA")

As explained by the Ninth Circuit,

The Class Action Fairness Act of 2005 § 4(a), 28 U.S.C. § 1332(d)(2), amended the requirements for diversity jurisdiction over class actions exceeding $5,000,000 in controversy where at least one plaintiff is diverse from at least one defendant. In other words, complete diversity is not required. CAFA was enacted, in part, to "restore the intent of the framers of the United States Constitution by providing for Federal court

consideration of interstate cases of national importance under diversity jurisdiction." Pub.L. No. 109–2, § 2(b)(2), 119 Stat. 4, 5 (codified as a note to 28 U.S.C. § 1711).

*Luther v. Countrywide Home Loans Servicing LP,* 533 F.3d 1031, 1033–34 (9th Cir.2008).

Under CAFA, federal courts have original diversity jurisdiction over class actions when the following four prerequisites are satisfied:

1. the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs (28 U.S.C. § 1332(d)(2));

2. diversity of citizenship exists between at least one plaintiff and one defendant (*i.e.* there is at least "minimal diversity") (28 U.S.C. § 1332(d)(2));

3. the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" (28 U.S.C. § 1332(d)(5)(A)); and

4. the number of members of all proposed plaintiff classes in the aggregate is at least 100 (28 U.S.C. § 1332(d)(5)(B)).

28 U.S.C. § 1332(d)(1), (2), and (5); *see also Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1020–21 (9th Cir.2007) (explaining that the requirements of § 1332(d)(5) are part of the prerequisites for jurisdiction, rather than exceptions to jurisdiction); *Bush v. Cheaptickets, Inc.,* 425 F.3d 683, 684 (9th Cir.2005) (explaining the concept of "minimal diversity," as distinct from "complete diversity").

CAFA also provides for both discretionary and mandatory exceptions to CAFA jurisdiction in 28 U.S.C. § 1332(d)(3) and (4). As explained by the Ninth Circuit,

Thus, this section [1332(d)(2) ] sets out the contours of original jurisdiction. In contrast, § 1332(d)(3) describes situations where district courts *may* "decline to exercise jurisdiction" "in the interests of justice and looking at the totality of the circumstances"; and § 1332(d)(4) sets out two circumstances that *require* district courts to decline jurisdiction, the so-called "local controversy" and "home-state controversy" exceptions. Implicit in both subsections (d)(3) and (d)(4) is that the court has jurisdiction, but the court either may or must decline to exercise such jurisdiction. *See* § 1332(d)(3)-(4).

*Serrano,* 478 F.3d at 1022 (footnote omitted) (emphasis in original).

Under the "local controversy" exception set forth in 28 U.S.C. § 1332(d)(4)(A), a district court *shall decline to exercise jurisdiction under* § 1332(d)(2) over a class action in which:

1. greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

2. at least one defendant is a defendant from whom significant relief is sought by members of the plaintiff class, whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and who is a citizen of the State in which the action was originally filed;

3. the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

4. during the three-year period preceding the filing of the class action, no other class action has been filed as-

serting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A) (the "local controversy" exception).

Under the "home-state controversy" exception set forth in 28 U.S.C. § 1332(d)(4)(B), a district court *shall decline to exercise jurisdiction under* § 1332(d)(2) over a class action in which:

1. two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; and

2. the primary defendants are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(B) (the "home-state controversy" exception).

As the Fifth Circuit has explained:

The CAFA mandatory abstention provisions [of 28 U.S.C. § 1332(d)(4)(A) and (B)] are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state."

*Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 570 (5th Cir.2011) (quoting *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 682 (7th Cir.2006)).

For the reasons discussed below, the pending case appears to satisfy all of the requirements of both local controversy mandatory abstention under 28 U.S.C. § 1332(d)(4)(A) and home-state controversy mandatory abstention under 28 U.S.C. § 1332(d)(4)(B). Moreover, it is difficult to imagine a putative class action controversy that is more "strongly linked" to a specific and individual state, rather than representing genuinely national litigation.

Finally, several circuits, including the Ninth Circuit, have held that although the mandatory "exceptions" to CAFA jurisdiction do not deprive the federal court of subject-matter jurisdiction, they nevertheless *require* federal courts to *decline* to exercise jurisdiction. As the Ninth Circuit stated in *Serrano:*

As noted above, §§ 1332(d)(4)(A) and (B) *require* federal courts—although they *have* jurisdiction under § 1332(d)(2)—to *"decline to exercise jurisdiction"* when the criteria set forth in those provisions are met. Subsections (d)(4)(A) and (B) are not part of the prima facie elements of jurisdiction.

That the provisions of §§ 1332(d)(4)(A) and (B) are not labeled as "exceptions" does not prevent them from operating as such.... The provisions fit into the statutory structure as exceptions to jurisdiction, not elements of original jurisdiction. We thus hold that the provisions set forth in §§ 1332(d)(3) and (4) are not part of the prima facie case for establishing minimal diversity jurisdiction[ ] under CAFA, but, instead, are exceptions to jurisdiction. *See Hart,* 457 F.3d at 681 (construing §§ 1332(d)(4)(A) and (B) as "express exceptions" to § 1332(d)(2)'s grant of jurisdiction).

*Serrano,* 478 F.3d at 1023 (emphasis in original); *see also Morrison v. YTB Int'l, Inc.,* 649 F.3d 533, 536 (7th Cir.2011) ("We recognize that § 1332(d)(4) does not itself diminish federal jurisdiction. It directs district judges to 'decline to exercise' jurisdiction otherwise present and thus is *akin to abstention. See Graphic Communications v. CVS Caremark Corp.,* 636 F.3d 971, 973 (8th Cir.2011)") (emphasis added). Thus, even if the satisfaction of § 1332(d)(4) does not deprive the federal court of subject matter jurisdiction under CAFA, under these circumstances Congress has required that federal courts "de-

cline to exercise jurisdiction." Absent constitutional infirmity or, possibly, other extraordinary circumstance, that congressional direction must be followed.

## C. Common Sense, Presumptions, and Reasonable Inferences

 In determining whether the requirements of the "local controversy" exception or the "home-state controversy" exception have been satisfied, it is permissible for a court to apply common sense and reasonable inferences. *See Caruso v. Allstate Ins. Co.,* 469 F.Supp.2d 364, 367–68 (E.D.La.2007) ("Although there well may be proposed classes where detailed proof of the two-thirds citizenship requirement is required, the Court finds that common sense should prevail in this closed-end class involving people who, as noted, hold an asset that is a measure of domicile, their home."); *Bennett v. Bd. of Comm'rs for E. Jefferson Levee Dist.,* Nos. 07–3130, 07–3131, 2007 WL 2571942, at *5 (E.D.La. Aug. 31, 2007) (holding it was "reasonable to infer" that two-thirds of all class members were Louisiana citizens, where class was open to all "residents, domiciliaries, business entities, property owners, and other persons and entities residing or present" in a certain Louisiana parish in August 2005).

 In addition, to establish citizenship for diversity purposes, a natural person must be both a citizen of the United States and a "domiciliary" of one particular state. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir.1983) (holding that for diversity purposes a natural person who is a U.S. citizen is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed). Domicile, however, is different from residence. A person's domicile is the place where he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir.2001). Neverthe-less, a party's residence is "prima facie" proof of that person's domicile and, once a person's domicile has been established it presumptively continues unless rebutted with sufficient evidence of change. *Hollinger,* 654 F.3d at 571.

## D. Application to Plaintiffs Complaint

 Plaintiff brings this putative class action solely under Oregon's wage and hour laws on behalf of himself and all current and former employees of Solar-World "who worked for SolarWorld within Oregon" during the time period in which the challenged practices occurred. Although Plaintiff fails to specify in his Complaint precisely which of the four "SolarWorld" Defendants was his particular employer, Defendants represent that Plaintiff was employed by SolarWorld Industries America, Inc. Also as previously noted, the Court intends to take judicial notice that this Defendant is an Oregon corporation with its principal place of business in Oregon. Plaintiff should be able to determine who his "SolarWorld" employer was simply by looking at his own IRS Form W–2 statements issued by his employer for tax purposes. Nevertheless, Plaintiff shall be afforded a reasonable opportunity to take discovery on this issue, if needed, both as to himself and as to the identity of the Defendant employer or employers of the other putative class members, each of whom, Plaintiff alleges, worked for "SolarWorld" in Hillsboro, Oregon. Plaintiff may also obtain reasonable discovery to determine whether any Defendant other than SolarWorld Industries America, Inc. (a citizen of Oregon) may properly be considered to be either a primary defendant or a defendant against whom significant relief is sought and whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class.

In addition, common sense tells the Court that it is highly likely that greater

than two-thirds of the putative class (which consists only of persons who worked for "SolarWorld" in Hillsboro, Oregon during the relevant time period) were residents of Oregon and, thus, presumptively domiciled in Oregon and, hence, citizens of Oregon. Nevertheless, Defendants are directed to review their records and allow Plaintiff appropriate discovery, if requested, concerning the state or states of residence of Defendants' employees and formers employees who worked for "SolarWorld" in Hillsboro, Oregon during the relevant time period. In this fashion, the parties shall determine and report to the Court whether more than two-thirds of those employees and former employees are both U.S. citizens and resided in Oregon at the time this lawsuit was commenced, making them presumptively Oregon citizens.[2]

Further, during oral argument on Defendants' motion for partial summary judgment held on November 6, 2012, the parties stipulated that during the three-year period preceding the filing of this action, no other class action had been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons in the putative class. Finally, because Plaintiff's proposed class consists only of persons who worked for "SolarWorld" in Hillsboro, Oregon and seeks relief only under Oregon wage and hour laws, it appears reasonable to infer that the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in

Oregon. Nevertheless, the parties may present contrary evidence on that point by December 6th.

## CONCLUSION

The parties are **ORDERED TO SHOW CAUSE,** no later than Thursday, December 6, 2012, unless that deadline is extended by further Court Order, as to why this action should not be dismissed without prejudice pursuant to 28 U.S.C. § 1332(d)(4). *Failure to respond to this Order will be deemed consent to dismissal of this action without prejudice.*

**IT IS SO ORDERED.**

---

**2.** In *Coleman v. Estes Exp. Lines, Inc.,* 631 F.3d 1010, 1015 (9th Cir.2011), the Ninth Circuit stated: "We hold that CAFA's language unambiguously directs the district court to look only to the complaint in deciding whether the criteria set forth in § 1332(d)(4)(A)(i)(II)(aa) and (bb) are satisfied." That case arose in the context of a plaintiff's motion to remand after the defendants removed the action to federal court under CAFA. The court's comment may not

be applicable outside of the removal and remand context. Even if *Coleman* does apply in the case of an originally-filed federal lawsuit, however, a plaintiff in a wage and hour class action may not evade the demands of Fed. R.Civ.P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction") by combining four related entities of different citizenship under one generic name and not identifying which specific entity was plaintiff's actual employer.