Marilyn **COCHOIT**, on behalf of herself, all others similarly situated, and the general public, Plaintiff,

v.

**SCHIFF NUTRITION INTERNATIONAL, INC., Schiff Nutrition Group, Inc., Ganeden Biotech, Inc., and Reckitt Benckiser LLC, Defendants.**

Case No.: SACV 16–01371–CJC(KESx)

United States District Court, C.D. California, Southern Division.

Signed January 5, 2017

Beatrice Skye Resendes, Michael Houchin, William Bradford Richards, Jr., Ronald A. Marron, Law Offices of Ronald A. Marron Aplc, San Diego, CA, for Plaintiff.

Adrianne E. Marshack, Manatt, Phelps & Phillips, LLP, Costa Mesa, CA, Cary L. Finkelstein, Robert H. Platt, Manatt Phelps and Phillips LLP, Los Angeles, CA, for Defendant.

## ORDER DENYING DEFENDANT RECKITT BENCKISER LLC'S MOTION TO DISMISS

CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

Plaintiff Marilyn Cochoit brings this putative consumer protection class action against Defendants Schiff Nutrition International, Inc., Schiff Nutrition Group, Inc., Ganeden Biotech, Inc., and Reckitt Benckiser LLC for various causes of action arising out of allegedly false and misleading advertisements about "Digestive Advantage" products. (Dkt. 1 [Complaint, hereinafter "Compl."] ¶ 3.) Before the Court is Defendant Reckitt Benckiser's motion to dismiss the Complaint on the grounds that Plaintiff's claims are barred by the doctrine of res judicata. (Dkt. 12 [Motion, hereinafter "Mot."].) For the following reasons, the motion is DENIED.[1]

---

1. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing set for January 9, 2017, at 1:30 p.m. is hereby vacated and off calendar.

## II. BACKGROUND

Defendants manufacture and market a probiotic daily supplement called "Digestive Advantage." (Compl. ¶¶ 3, 7.) These products contain a patented and proprietary "helpful" bacteria called "BC$^{30}$" (formerly "Ganeden BC$^{30}$"). (Mot. at 2.) According to the Complaint, Defendants hold Digestive Advantage products out to be "The Probiotic that Survives," and claim that it has "100x Better Survivability vs. Yogurt & leading Probiotics." (Compl. ¶¶ 37–38, 42–43.) Plaintiff alleges that Defendants' advertising cites to "purported '[sic] simulated gastric studies supporting a '100x Better Survivability' claim, but such studies are nowhere described except in vague terms, nor do they exist in the published peer-review scientific literature." (*Id.* ¶ 4.) Plaintiff further contends that published studies, including those sponsored by Defendants, "indicate that a large fraction of the BC$^{30}$ spores fail to germinate under conditions found in the human gut, and would therefore remain dormant, passing out of the body without multiplying." (*Id.* ¶ 5.)

Plaintiff purchased "Digestive Advantage Gummies with Ganeden BC$^{30}$ (120 count)" on February 16, 2016. (*Id.* ¶ 17.) She claims to have purchased the product in reliance on the labeling claims, including that the probiotics would "survive" in the digestive tract. (*Id.*) She cites evidence purporting to show that the products are ineffective, and accordingly filed this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1453, for fraud by omission, violations of California's Unfair Competition Law, California Business & Professions Code §§ 17200 *et· seq.*, violations of California's False Advertising Law, California Business & Professions Code §§ 17500 *et seq.*, and violations of California's Consumers Legal Remedies Act, California Civil Code §§ 1750 *et seq.* (*See generally id.*) The proposed class consists of all persons in the United States who purchased the Digestive Advantage products with the "100x better· survivability" claims for personal and household use. (*Id.* ¶ 68.)

Digestive Advantage products were previously sold under the name Sustenex, and they were rebranded as Digestive Advantage sometime after 2011. (*Id.* ¶ 12.) The advertising of Sustenex was the subject of a prior federal action filed in 2011 in the Southern District of California, *David Burton v. Ganeden Biotech, Inc., et. al.,* Case No. 3:11-cv-01471-W-NLS,[2] by the same attorney representing Plaintiff in the present action. (Mot. at 2–3; Dkt. 12–2 [*Burton* complaint].) Three of the Defendants in this case, Schiff Nutrition International, Inc., Schiff Nutrition Group, Inc., and Ganeden Biotech, Inc., were defendants in the *Burton* action. (*Id.*) *Burton* was settled in 2012 on a nationwide basis. (Mot. at 5–6.) Soon after, Reckitt Benckiser purchased Schiff Nutrition Group, Inc., and Schiff Nutrition International, Inc., and the two Schiff entities then merged into Reckitt Benckiser LLC. (*Id.* at 17.) Reckitt Benckiser now contends that the claims in the *Burton* action are "virtually identical" to those in this case, which challenge the survivability of BC$^{30}$ in the "gut" and its ability germinate. (*Id.* at 3.) On that basis, Reckitt Benckiser asserts that this action is barred by the doctrine of res judicata. (*See generally id.*)

## III. DISCUSSION

██ "For judgments in diversity cases, federal law incorporates the rules of

---

2. Defendant's Request for Judicial Notice, (Dkt. 12–1), is GRANTED as to the *Burton* complaint, (Dkt. 12–2). The complaint is "not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201.

preclusion applied by the State in which the rendering court sits." *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008); *see also Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (A "federal court sitting in diversity must apply the *res judicata* law of the state in which it sits."). Because this action is brought pursuant to CAFA, which vests Courts with "original diversity jurisdiction," *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007), the Court must apply California's res judicata rules. Under California law, the elements of res judicata are "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 797, 108 Cal.Rptr.3d 806, 230 P.3d 342 (2010).

 Under the first element of the res judicata analysis, California law determines whether two causes of action are identical "by analyzing the primary right at stake." *Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd.*, 110 Cal.App.4th 1161, 1170, 2 Cal.Rptr.3d 408 (2003). For example, if "two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id.* "What is critical to the analysis 'is the harm suffered; that the same facts are involved in both suits is not conclusive.'" *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (citing *Agarwal v. Johnson*, 25 Cal.3d 932, 160 Cal.Rptr. 141, 603 P.2d 58 (1979)). "Moreover, California, as most states, recognizes that the doctrine of res judicata will bar not only claims actually litigated in a prior proceeding, but also claims that could have been litigated." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993).

Here, Reckitt Benckiser argues that Plaintiff "claims that the harm that she allegedly suffered was being induced to purchase the Products in reliance on Defendant's false and misleading advertising that the Products would 'survive' in the gut and provide the claimed health benefits to her digestive and immune systems," and that this is "precisely the same harm alleged in the *Burton* action." (Mot. at 13.) As a result, Reckitt Benckiser argues that there are no "new facts or conditions alleged forming the basis of the alleged wrongful conduct that could not have been addressed as part of the earlier action." (*Id.* at 16.) However, as Plaintiff points out, this action mainly concerns Defendants' *new* advertising claiming that Digestive Advantage is one hundred times ("100x") better than other probiotics. (Dkt. 19 at 6 (citing Compl. ¶¶ 4, 8, 13, 18, 38, 39, 41, 43, 44, 55, and 68).) The advertising at issue in *Burton* did not concern this "100x" language, nor could it have—*Burton* was filed in 2011 and settled in 2012, but the "100x" advertising scheme was not introduced until 2014. (*Id.* at 6.)

 Res judicata "does not prevent a reexamination of the same questions between the same parties where in the interim the facts have changed or new facts have occurred which may alter the legal rights of the parties." *City of Oakland v. Oakland Police & Fire Ret. Sys.*, 224 Cal. App.4th 210, 230, 169 Cal.Rptr.3d 51 (2014), *as modified on denial of reh'g* (Mar. 26, 2014). While this case and *Burton* both seek to protect the public from misleading advertising statements about a particular product, they are vindicating

different primary rights because they concern different advertising statements. The *Burton* plaintiffs were challenging a different advertising scheme that claimed, among other things, that Sustenex boosts immune systems, promotes digestive health, maintains a critical balance between "good" and "bad" bacteria, protects against digestive system upsets, guards against occasional gas and bloating, and delivers "over 10 times more life cells than the leading fortified probiotic yogurt." (Dkt. 12–2 ¶¶ 4, 22–23.) Plaintiff here is challenging Defendants' claims that Digestive Advantage is 100 times more effective than probiotics made by competitors. That the two advertising schemes may be misleading for the *same reason*—that the probiotics in question cannot adequately survive in the human stomach—does not mean that the two cases involve the same primary right. Defendants are not immune from all claims of misleading advertising simply because they settled a claim that an older advertising scheme was misleading. The first element of res judicata is not satisfied, so the Court need not consider the remaining two elements.

## IV. CONCLUSION

For the foregoing reasons, Defendant Reckitt Benckiser LLC's motion to dismiss the Complaint is DENIED.